

David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

October 31, 2024

**VIA EMAIL**

Edward Andrew Paltzik, Esq.
Bochner PLLC
1040 Avenue of the Americas – 15th Floor
New York, NY 10018

      Re:    <u>Donald Trump</u>

Dear Mr. Paltzik:

I write in response to your letter of October 29 concerning your client Donald Trump and three articles published by The New York Times. I have reviewed the letter and the stories with our editors and reporters, and we see no basis for a correction of any of the articles.

As an initial matter, we have already addressed Mr. Trump's objections to the September 14 article by Russ Buettner and Susanne Craig in our correspondence with Mr. Trump's lawyer, Alejandro Brito. I am puzzled that your letter shows no awareness of Mr. Brito, who told us he was acting on Mr. Trump's behalf. But, whatever the explanation, you will find in that correspondence our response to Mr. Trump's inaccurate and legally deficient claims of error.

As for the issues that your letter raises with the book "Lucky Loser," those are most appropriately addressed by Penguin Random House.

Your letter also challenges two other Times articles: our interview with General John Kelly explaining why he believes Mr. Trump meets

**EXHIBIT E**

the definition of a fascist and an article by Peter Baker detailing Mr. Trump's long and well-documented history of misconduct, business failures, and legal entanglements. Your letter asserts that General Kelly has made "other false statements [that] have been thoroughly debunked." The truth is much to the contrary. General Kelly was appointed by Mr. Trump as his chief of staff based on his long record of service to our country. General Kelly personally witnessed Mr. Trump's troubling behavior in the White House. He has an important perspective to provide to the American people as they prepare to vote, and his accounts are consistent with those provided by others who served in the administration at the time.

Your attack on Mr. Baker's article is equally misguided. We truthfully reported that investigators looked into Mr. Trump's ties with the Mafia, and we truthfully reported that one of his casinos was found to have violated money-laundering rules. We accurately recounted that his estranged niece had gone public with her allegation that he had cheated to get into college, and we included Mr. Trump's denial. And we accurately reported the claim that Mr. Trump had borrowed a fellow cadet's medal-laden dress jacket for a picture at his military academy – a report provided by the student whose jacket was appropriated. Tellingly, your letter does not dispute – nor could it – the remainder of the article and its lengthy recitation of the legal problems, financial failures, and misdeeds of Mr. Trump.

Little needs to be said about the rest of your letter, which is principally a litany of personal complaints about The New York Times and its reporters, punctuated with falsehoods and premised on the deeply troubling notion that anyone who dares to report unfavorable facts about a presidential candidate is engaged in "sabotage" (as opposed to, say, contributing to the free exchange of information and ideas that makes our democracy possible).

Please be assured that we have implemented appropriate document retention protocols, as you requested. Please provide us with credible assurances that your client has also implemented appropriate retention protocols for his personal files as well as for all the business

2

enterprises that are mentioned in your letter and remain under the control of Mr. Trump.

Sincerely,

*David McCraw*

David E. McCraw