# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PRESIDENT DONALD J. TRUMP, an individual,

        Plaintiff,

  v.

NEW YORK TIMES COMPANY, a New York corporation, SUSANNE CRAIG, an individual, RUSS BUETTNER, an individual, PETER BAKER, an individual, and PENGUIN RANDOM HOUSE LLC, a Delaware company,

        Defendants.

Case No. 8:25-cv-2487-SDM-NHA

**DEFENDANTS' UNOPPOSED MOTION TO FILE
JOINT VENUE MOTION AND JOINT DISMISSAL MOTION
<u>AND FOR EXTENSION OF PAGE LIMITS</u>**

Defendants New York Times Company, Susanne Craig, Russ Buettner, Peter Baker, and Penguin Random House LLC (collectively, "Defendants") respectfully submit this motion seeking relief intended to streamline their forthcoming motions to dismiss or, in the alternative, to transfer which are due to the Court by December 15, 2025. Plaintiff does not oppose the relief requested in this Motion.

## ARGUMENT

Defendants intend to move to dismiss the Amended Complaint for improper venue and failure to state a claim under Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6), respectively, or, in the alternative, to transfer the action to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404. To avoid the needless duplication that would arise if each Defendant or group of Defendants filed separate motions for dismissal and transfer, Defendants seek leave to file one joint motion seeking dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, the transfer of this action to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404 and one joint motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

District courts have "unquestionable authority" to control their dockets, including "broad discretion in deciding how to best manage the cases before them," which "should be exercised so as to achieve the orderly and expeditious disposition of cases." *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 366 (M.D. Fla. 2013) (internal quotation marks omitted).

Defendants ask the Court to exercise its discretion to grant them leave to file a

joint motion addressing venue or, alternatively, transfer and a separate joint Rule 12(b)(6) motion in excess of the default page limits, as discussed below. The procedural arguments for improper venue and transfer naturally fit together because they rely on the same nucleus of jurisdictional facts, and the default 25-page limit for motions allows all Defendants to address those arguments sufficiently in one motion (the "Venue Motion").

Defendants' anticipated Rule 12(b)(6) motion (the " Rule 12(b)(6) Motion") will raise substantive arguments that are entirely distinct from the Venue Motion. Judicial efficiency will be served by filing separate Venue and Rule 12(b)(6) Motions because it will enable the Court and the parties to address the Venue Motion and, if this Court grants the relief sought in the Venue Motion and transfers this action, a separate Rule 12(b)(6) Motion could be more readily transferred to another court. The Northern District of Florida endorsed a similar procedure in a copyright action that Plaintiff filed against a publisher and its author, permitting two dismissal motions: one to address venue and transfer and another for failure to state a claim. *See Trump v. Simon & Schuster Inc.*, No. 3:23-cv-02333-MCR-ZCB (N.D. Fla.), Dkts. 20 & 22.

Because Defendants seek to file one joint Rule 12(b)(6) Motion instead of separate 25-page motions filed by the PRH Defendants (Penguin Random House LLC, Craig and Buettner) and the NYT Defendants (New York Times Company, Baker, Craig and Buettner), they also respectfully request a 20-page extension of the default page limit for the 12(b)(6) Motion. These extra pages are necessary because the 12(b)(6) Motion filed jointly by all five Defendants would need to address a number of

2

distinct substantive issues and distinct claims. The Amended Complaint challenges 34 statements: 22 statements from the *Lucky Loser* book, 9 statements from the September 14, 2024 *New York Times* article by Ms. Craig and Mr. Buettner, and 3 statements from the October 20, 2024 *New York Times* article by Mr. Baker. Plaintiff asserts six purported causes of action against different groups of Defendants. Defendants intend to make distinct arguments against the multiple claims and will need to address the 34 challenged statements at issue in this defamation action. Thus, it would be difficult for Defendants to adequately address their substantive arguments within the standard page limits.[1] The requested page extension would give Defendants the 45 pages needed for a joint 12(b)(6) Motion, excluding captions, signature blocks, certificates of conferral or service, and any verifications or attachments. *See* Local R. M.D. Fla. 3.01(a)–(b).

## CONCLUSION

Defendants request an order granting leave to file two joint dismissal motions: the Venue Motion and the 12(b)(6) Motion, with a 20-page extension of the page limit for the latter.

---

[1] If the Court prefers, the PRH Defendants and the NYT Defendants could each file separate 25 page 12(b)(6) motions based on the publication of the *Lucky Loser* book and *New York Times* articles, respectively.

3

Date: November 24, 2025

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero, Esq.
**THOMAS & LOCICERO**
Florida Bar No. 603030
Linda Norbut, Esq.
Florida Bar No. 1011401
601 S. Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Thomas G. Hentoff, Esq.* (lead counsel)
Nicholas G. Gamse, Esq.*
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5804
thentoff@wc.com
ngamse@ws.com

*motion for special admission forthcoming

***Attorneys for Defendants New York Times Company, Peter Baker, Susanne Craig, and Russ Buettner***

*/s/ William J. Schifino, Jr.*
William J. Schifino, Jr., Esq.
Florida Bar No. 564338
Justin P. Bennett, Esq.
Florida Bar No. 112833
Gregory L. Pierson, Esq.
Florida Bar No. 123905
**GUNSTER, YOAKLEY & STEWART, P.A.**
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
Facsimile: (813) 228-6739
wschifino@gunster.com
jbennett@gunster.com
gpierson@gunster.com

George S. LeMieux, Esq.
Florida Bar No. 16403
Eric C. Edison, Esq.
Florida Bar No. 10379
**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
Facsimile: (954) 523-1722
glemieux@gunster.com
eedison@gunster.com

Elizabeth A. McNamara, Esq.* (lead counsel)
John M. Browning, Esq.*
Alexandra Perloff-Giles, Esq.*
Alexandra M. Settelmayer, Esq.*
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 489-8230
lizmcnamara@dwt.com
jackbrowning@dwt.com

alexandraperloffgiles@dwt.com
alexandrasettelmayer@dwt.com

*motion for special admission forthcoming

***Attorneys for Defendants Penguin Random House LLC, Susanne Craig and Russ Buettner***

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that counsel for Defendants conferred with Plaintiff's counsel, who advised that Plaintiff does not oppose the relief requested in this Motion.

/s/ William J. Schifino, Jr.
William J. Schifino, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025 a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ William J. Schifino, Jr.
William J. Schifino, Jr.

5