**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PRESIDENT DONALD J. TRUMP,
    Plaintiff,

v.                                    Case No. 8:25-cv-02487-SDM-NHA

NEW YORK TIMES COMPANY, SUSANNE CRAIG,
RUSS BUETTNER, PETER BAKER, AND PENGUIN
RANDOM HOUSE LLC,
    Defendants.

_____

**DEFENDANT NEW YORK TIMES COMPANY'S**
**DISCLOSURE STATEMENT (CIVIL) UNDER**
**RULE 7.1, FEDERAL RULES OF CIVIL PROCEDURE, AND LOCAL RULE 3.03**

> The disclosures in this statement will contribute to evaluating judicial recusal and diversity of citizenship. A summary of the law of recusal and citizenship accompanies this statement. Each party must revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy. The privacy protection of Rule 5.2, Federal Rules of Civil Procedure, applies to the disclosures.

### Recusal Information

1. **If the filer is a non-governmental corporation, identify any parent corporation and any publicly held corporation holding 10% or more of the filer's shares.**

   The New York Times Company is a publicly traded company with no parent corporation, and no publicly held corporation owns 10% or more of its stock.

2. **Identify any other entity or natural person — not a party or counsel of record — with an interest the action's outcome might substantially affect.**

   None known.

3. **Identify any lawyer — other than counsel of record — who serves or has served in the action as a lawyer for the filer, who is financially interested in the action, or who might appear as a material witness in the action.**

   Catherine A. Reid, Williams & Connolly LLP

4. **Identify any entity or natural person not already disclosed and likely to actively participate in this action.**

   None known.

5. **Identify any conflict of interest affecting the district judge or the magistrate judge in this action.**

   None known.

## Citizenship Information

> If the filer is a **natural person**, the filer must identify the filer's citizenship in accord with the person's domicile, which does not necessarily correspond to the person's residence.
>
> If the filer is a **corporation**, the filer must identify its place of incorporation and its principal place of business.
>
> If the filer is a **limited liability company** or **other unincorporated entity**, the filer must identify each member and the citizenship of each member and, if a member is another unincorporated entity, each member of that entity and that member's citizenship, and so on.
>
> If, in a direct action against an insurer based on a policy or contract of liability insurance, the filer is the **insurer** and if the insured is not joined as a defendant, the filer, in accord with 28 U.S.C. § 1332(c)(1), must identify the filer's state of incorporation, the filer's principal place of business, and the insured's citizenship.
>
> If the filer is the **legal representative of an estate**, the filer must identify the decedent's citizenship.
>
> If the filer is the **legal representative of an infant or an incompetent person**, the filer must identify the infant's or incompetent person's citizenship.

6. **If a pleading or notice of removal asserts diversity jurisdiction under 28 U.S.C. § 1332(a) or supplemental jurisdiction under 28 U.S.C. § 1367(a), state the filer's citizenship.**

   Defendant New York Times Company is a New York corporation with its principal place of business in New York.

7. **If this is a class action under 28 U.S.C. § 1332(d), state the filer's citizenship. If the filer is an unincorporated association, identify the association's principal place of business and the state under whose laws the association is organized**.

   Not applicable.

## Certificate

**The filer certifies that the disclosures in this statement are complete and accurate to the best of the filer's knowledge, information, and belief. The filer agrees to revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy.**

Signed:

November 24, 2025

| THOMAS & LoCICERO PL | WILLIAMS & CONNOLLY LLP |
|---|---|
| /s/ Carol J. LoCicero<br>Carol Jean LoCicero (FBN 603030)<br>Linda R. Norbut (FBN 1011401)<br>601 South Boulevard<br>Tampa, FL  33606<br>Telephone: (813) 984-3060<br>Facsimile: (813) 984-3070<br>clocicero@tlolawfirm.com<br>lnorbut@tlolawfirm.com<br><br>*Counsel for Defendant New York Times Company* | /s/ Thomas G. Hentoff<br>Thomas G. Hentoff<br>Nicholas G. Gamse<br>Kimberly Broecker<br>680 Maine Avenue, S.W.<br>Washington, DC  20024<br>Telephone: (202) 434-5000<br>Facsimile: (202) 480-8371<br>thentoff@wc.com<br>ngamse@wc.com<br>kbroecker@wc.com<br><br>*Counsel for Defendant New York Times Company*<br>(*Pro Hac Vice* Motions forthcoming) |

## **CERTIFICATE OF SERVICE**

I certify that on November 24, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Carol J. LoCicero*
Carol J. LoCicero