UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK TIMES COMPANY, a New York corporation, SUSANNE CRAIG, an individual, RUSS BUETTNER, an individual, PETER BAKER, an individual, and PENGUIN RANDOM HOUSE LLC, a Delaware company,<br><br>Defendants. | Case No. 25-cv-02487-SDM-NHA |

**PLAINTIFF'S UNOPPOSED MOTION TO STAY AND/OR ALIGN BRIEFING SCHEDULE ON DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS WITH BRIEFING SCHEDULE ON DEFENDANTS' RULE 12(B)(3) MOTION TO DISMISS, OR, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO RULE 12(B)(6) MOTION TO DISMISS**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 6(b), hereby files his Motion to Stay and/or Align Briefing Schedule on Defendants' Rule 12(b)(6) Motion to Dismiss (the "Rule 12(b)(6) Motion") (ECF No. 44) with Briefing Schedule on Defendants' Rule 12(b)(3) Motion to Dismiss (the "Rule 12(b)(3) Motion") (ECF No. 43), or, Alternatively, Motion for Extension of Time

to File Response to Rule 12(b)(6) Motion to Dismiss (the "Motion"), and, in support thereof, states as follows:

## INTRODUCTION

This action concerns numerous defamatory statements regarding President Trump in at least three false, defamatory, and malicious publications made by Defendants New York Times Company ("New York Times" or the "Times"), Susanne Craig ("Craig"), Russ Buettner ("Buettner"), Peter Baker ("Baker"), and Penguin Random House LLC ("Penguin") (collectively, "Defendants")—two articles (the "Articles") published and a book (the "Book").

Defendants have concurrently filed two motions to dismiss – a Rule 12(b)(3) Motion challenging venue for which they have submitted five (5) declarations[1] that inject numerous factual disputes bearing directly on the Fed. R. Civ. P. 12(b)(3) analysis, and a Rule 12(b)(6) Motion challenging the merits of Plaintiff's claims on several grounds, namely: (1) a failure to plausibly allege that the publications were made with actual malice, (2) a failure to sufficiently plead that any statement at issue is false, (3) a failure to plead the special damages required to support a claim for defamation *per quod,* and (4) also expressly reserving the argument that New York law applies to this case.

---

[1] Defendants submitted declarations from each of the authors of the defamatory publications, as well as from the Senior Vice President of the Times and the President and Publisher of Penguin.

Concurrently with the filing of this Motion, Plaintiff has also filed his Motion to Conduct Venue Discovery, Stay Briefing on Defendants' Rule 12(b)(3) Motion to Dismiss Pending Limited Discovery, and Establish a Briefing Schedule on Defendants' Rule 12(b)(3) Motion ("Venue Discovery Motion"), seeking to propound targeted venue-limited written discovery and take venue-limited depositions of the declarants who submitted their declarations, as well as appropriate Rule 30(b)(6) depositions, to test and controvert Defendants' factual assertions and permit the Court to resolve the venue dispute on a complete record.

In this Motion, Plaintiff seeks to align the briefing schedule on Defendants' Rule 12(b)(6) Motion with the briefing schedule to be established by the Court on Defendants' Rule 12(b)(3) Motion.

## ARGUMENT

**I.    Legal Standard**

Under Fed. R. Civ. P. 6(b), the Court may extend a deadline for "good cause." Fed. R. Civ. P. 6(b)(1). Separately, it is well established that courts have the inherent authority to manage their dockets and stay proceedings in the interest of judicial economy and fairness. *See Green v. United States Dept. of Justice Opr.,* 2023 WL 4743610, at *1 (M.D. Fla. July 25, 2023) ("Pursuant to their authority, district courts may stay proceedings as a means of managing their dockets."); *Danner Const. Co., Inc. v. Hillsborough County,* 2009 WL 3055315, at * 1 (M.D. Fla. Sept. 24, 2009) ("It is well-established that district courts have

inherent authority to issue stays in many circumstances."); *Lopez v. Miami-Dade Cty.,* 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) ("Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions.").

## II. Venue is a Threshold Issue the Court Should Address Before Expending Resources on Merits Decisions.

Venue is a threshold issue that this Court should resolve prior to addressing Defendants' Rule 12(b)(6) Motion. In order for the Court to properly resolve the venue issue, Plaintiff has filed his Venue Discovery Motion, which seeks limited discovery tailored to venue and which is not only appropriate, but well recognized in this Circuit and by the U.S. Supreme Court where necessary to resolve disputed facts regarding these threshold issues. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13 (1978) ("[W]here issues arise as to jurisdiction *or venue*, discovery is available to ascertain the facts bearing on such issues.") (emphasis added); *Am. Civil Liberties Union of Florida, Inc. v. City of Sarasota,* 859 F.3d 1337, 1341 (11th Cir. 2017) ("[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery,' . . . meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery . . . unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery."); *Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 729-31 (11th Cir. 1982) ("[I]f the jurisdictional question is genuinely in dispute and the court

cannot resolve the issue in the early stages of the litigation . . . , then discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue."); *Majd-Pour v. Georgiana Community Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir. 1984) ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction").

In Plaintiff's Venue Discovery Motion, Plaintiff proposed a targeted schedule to complete venue discovery and briefing on the Rule 12(b)(3) Motion within 66 days of the Court granting venue discovery. Requiring Plaintiff to fully brief his response to Defendants' Rule 12(b)(6) Motion while the venue challenge remains pending—and before the venue record is developed—would impose needless expense on the parties and risk wasted judicial resources if the action is ultimately transferred under § 1406(a), which Plaintiff anticipates will not be the case. A short stay (or alignment) of the Rule 12(b)(6) Motion briefing schedule, tied to the completion of venue discovery and the Rule 12(b)(3) Motion briefing, promotes efficiency and orderly case management by allowing the Court to resolve the threshold venue dispute first, followed by the merits.

This limited relief causes no prejudice. Defendants cannot plausibly claim harm from a brief, defined delay in merits briefing while they simultaneously press a dispositive venue challenge. Any pause would be temporary, narrowly tailored, and directly linked to completion of venue discovery and resolution of

the Rule 12(b)(3) Motion. The balance of equities therefore favors a stay or enlargement.

Alternatively, if the Court denies Plaintiff's Venue Discovery Motion, or denies Plaintiff's request to stay/align the Rule 12(b)(6) Motion briefing schedule, Plaintiff respectfully requests an enlargement of time of twenty-one (21) days to respond to Defendants' 12(b)(6) Motion.

## CERTIFICATE OF CONFERRAL

Pursuant to M.D. Fla. R. 3.01(g), the parties have conferred in good faith about the relief requested herein, including by zoom conference on December 26, 2025, and Defendants have consented to the request in the instant motion that the briefing schedule on the Rule 12(b)(3) and 12(b)(6) motions should stay aligned.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff a brief, targeted stay of Plaintiff's deadline to respond to Defendants' Rule 12(b)(6) Motion or, alternatively, align the Rule 12(b)(6) Motion briefing schedule with the venue discovery and Rule 12(b)(3) Motion briefing schedule proposed in Plaintiff's Venue Discovery Motion, or, alternatively, grant Plaintiff an enlargement of time of twenty-one (21) days to respond to Defendants' Rule 12(b)(6) Motion, and for any such further relief the Court deems just and proper.

Dated December 26, 2025          Respectfully submitted,

/s/ *Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
apiriou@britopllc.com

/s/ *Edward Andrew Paltzik*
Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice* admitted)

/s/ *Daniel Zachary Epstein*
Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 202-240-2398
dan@epsteinco.co
(*pro hac vice* admitted)
*Counsel to Plaintiff*
*President Donald J. Trump*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 26, 2025, the foregoing was served via the Court's CM/ECF System upon:

| | |
|---|---|
| William J. Schifino, Jr., Esq.<br>Justin P. Bennett, Esq.<br>Gregory L. Pierson, Esq.<br>Gunster, Yoakley & Stewart, P.A.<br>401 E. Jackson Street<br>Suite 1500<br>Tampa, Florida 33602<br>wschifino@gunster.com<br>jbennett@gunster.com<br>gpierson@gunster.com<br>cwarder@gunster.com<br>*Counsel for Defendants Penguin Random House LLC,*<br>*Susanne Craig, and Russ Buettner* | George S. LeMieux, Esq.<br>Eric C. Edison, Esq.<br>Gunster, Yoakley<br>& Stewart, P.A.<br>450 East Las Olas Blvd.<br>Suite 1400<br>Fort Lauderdale, Florida 33301<br>glemieux@gunster.com<br>eedison@gunster.com<br>*Counsel for Defendants Penguin Random House LLC,*<br>*Susanne Craig, and Russ Buettner* |
| Williams & Connolly, LLP<br>Thomas G. Hentoff, Esq.*<br>Nicholas G. Gamse, Esq.*<br>Kimberly Broecker, Esq.*<br>680 Main Avenue S.W.<br>Washington, D.C. 20024<br>thentoff@wc.com<br>ngamse@wc.com<br>kbroecker@wc.com<br>*Counsel for Defendants New York Times Company,*<br>*Susanne Craig, Russ Buettner, and Peter Baker* | Elizabeth A. McNamara, Esq.* (lead counsel)<br>John M. Browning, Esq.*<br>Alexandra Perloff-Giles, Esq.*<br>Alexandra M. Settelmayer, Esq.*<br>Davis Wright Tremaine, LLP<br>1251 Avenue of the Americas<br>New York, New York 10020<br>lizmcnamara@dwt.com<br>jackbrowning@dwt.com<br>alexandraperloffgiles@dwt.com<br>alexandrasettelmayer@dwt.com<br>*Counsel for Defendants Penguin Random House LLC,*<br>*Susanne Craig, and Russ Buettner* |
| Thomas & LoCicero, PL<br>Carol Jean LoCicero, Esq.<br>James J. McGuire, Esq.<br>Linda R. Norbut, Esq.<br>601 South Boulevard<br>Tampa, FL 33606 | |

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

clocicero@tlolawfirm.com
jmcguire@tlolawfirm.com
lnorbut@tlolawfirm.com
*Counsel for Defendants New York Times Company,
Susanne Craig, Russ Buettner, and Peter Baker*

/s/ Alejandro Brito