UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEW YORK TIMES COMPANY, a New York corporation, SUSANNE CRAIG, an individual, RUSS BUETTNER, an individual, PETER BAKER, an individual, and PENGUIN RANDOM HOUSE LLC, a Delaware company,<br><br>　　　　　　Defendants. | Case No. 25-cv-02487-SDM-NHA |

**Uniform Case Management Report**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump") and Defendants New York Times Company ("New York Times" or the "Times"), Susanne Craig ("Craig"), Russ Buettner ("Buettner"), Peter Baker ("Baker"), and Penguin Random House LLC ("Penguin") (collectively, "Defendants" and with Plaintiff, the "Parties"), by and through their respective undersigned counsel, submit this Uniform Case Management Report pursuant to Local Rule 3.02. In support, Plaintiff and Defendants state as follows:

1. **Date and Attendees**

The parties conducted the planning conference on January 4 and 5, 2026. On behalf of Plaintiff, Alejandro Brito, Jalaine Garcia, and Ian Michael Corp attended the conference. On behalf of Defendants, Elizabeth McNamara and Thomas Hentoff attended the conference.

2. **Deadlines and Dates**

Defendants believe that merits discovery should be stayed pending the resolution of their motions to dismiss and, after conferring with Plaintiff (who opposes a stay), intend to file a motion to stay all merits discovery in this action. Plaintiff's motion seeking leave for venue discovery was filed on December 26, 2025. Plaintiff believes that staying merits discovery—without legitimate good cause—would delay this case unnecessarily and, if granted, would more likely than not cause the Parties to later seek an extension of below proposed deadlines at a later date.

Should the Court deny Defendants' motion to stay merits discovery, the Parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/19/2026 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20. | 3/13/2026 |
| Deadline for moving to amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 30 days from Court granting motion for leave to amend |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). Plaintiff | 9/30/2026 |
| Defendant | 11/2/2026 |
| Rebuttal | 12/2/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 2/6/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 3/12/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | 4/5/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/11/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 8/18/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 8/25/2027 |
| Month and year of the trial term. | 9/1/2027 |

The trial will last approximately 8 days and be

☒ jury.
☐ non-jury.

### 3. Description of the Action

Plaintiff asserts defamation *per se* and *per quod* claims against Defendants arising from three separate publications.

The first publication at issue is a book—*Lucky Loser: How Donald Trump Squandered His Father's Fortune and Created the Illusion of Success* (the "Book")—written Buettner and Craig and published by Penguin. The second publication is an article—*The Star-Making Machine That Created 'Donald Trump'* (the "First Article")—authored by Buettner and Craig that was published by The Times. The third publication is an article—*For Trump, a Lifetime of Scandals Heads Toward a Moment of Judgment*—authored by Baker that was published by The Times.

Plaintiff seeks to recover damages from Defendants as a result of 33 allegedly defamatory statements from across these three publications that allegedly caused Plaintiff to suffer financial and reputational harm. Plaintiff contends that the challenged statements are defamatory, were false, and were published with actual malice.

Defendants contend that these statements were not made with actual malice. Additionally, Defendants contend that Plaintiff has not identified any false and defamatory statement of fact—that Plaintiff has failed to plead falsity as to any statements, that certain statements are protected opinion, and that certain statements are not capable of defamatory meaning. Finally, Defendants maintain that Plaintiff has failed to plead special damages, which bars his defamation *per quod* claims.

The Action is not complex.

**4.     Disclosure Statement**

☒     Each party has filed a disclosure statement using the required form.

**5.     Related Action**

☒     The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6.     Consent to a Magistrate Judge**

☐     The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒     The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.

☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on the following subjects. The inclusion of a topic below does not constitute an agreement by the parties that discovery on that topic would be appropriate.

    a. Plaintiff's reputation.

   b. Plaintiff's damages, including the damages that Plaintiff allegedly suffered as a result of the challenged statements in the Book and Articles and the reputational damages that Plaintiff has alleged he suffered in other previously filed actions.

   c. Defendants' actual malice in publishing the challenged statements.

   d. Defendants' prior reporting on Plaintiff.

   e. Defendants' policies and procedures applicable to verifying the challenged statements.

   f. Defendants' reporting of the challenged statements.

   g. Defendants' investigation of the information underlying the challenged statements.

   h. The truth or falsity of the challenged statements, including discovery on the following topics:

      i. The financial support President Trump received from his father, Fred Trump, throughout his life, including but not limited to any payments, distributions, or inheritance he received.

      ii. President Trump's role on *The Apprentice*, including his contractual obligations, his role in the show, and the income he derived from the show.

        iii.    The development and production of *The Apprentice*.

        iv.    President Trump's personal finances and financial holdings, which will require the production of his tax returns and any documents sufficient to show both earned and unearned income.

C.    Discovery should be conducted in phases:

    ☒    No.

    ☐    Yes; describe the suggested phases.

D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

    ☒    No.

    ☐    Yes; describe the issue(s).

E.    ☐    The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: At this time, the Parties have none but reserve all rights and waive none.

F.      The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒   No.

☐   Yes; describe the stipulation.

**10.    Request for Special Handling**

☒      The parties do not request special handling.

☐      The parties request special handling. Specifically, describe requested special handling.

☐      Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11.    Certification of familiarity with the Local Rules**

☒      The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

Dated January 5, 2026                                Respectfully submitted,

| | |
|---|---|
| */s/ Alejandro Brito*<br>Alejandro Brito* (lead counsel)<br>Florida Bar No. 098442<br>BRITO, PLLC<br>2121 Ponce de Leon Boulevard<br>Suite 650<br>Coral Gables, FL 33134<br>Tel: 305-614-4071<br>Fax: 305-440-4385<br>abrito@britopllc.com<br>apiriou@britopllc.com<br><br>*/s/ Edward Andrew Paltzik*<br>Edward Andrew Paltzik<br>Taylor Dykema PLLC<br>914 E. 25th Street<br>Houston, TX 77009<br>Tel: 516-526-0341<br>edward@taylordykema.com<br>(*pro hac vice* admitted)<br><br>*/s/ Daniel Zachary Epstein*<br>Daniel Zachary Epstein<br>Epstein & Co. LLC<br>8903 Glades Rd<br>Ste A8 #2090<br>Boca Raton, FL 33434<br>Tel: 202-240-2398<br>dan@epstein.co<br>(*pro hac vice* admitted)<br><br>*Counsel to Plaintiff*<br>*President Donald J. Trump* | */s/ Elizabeth A. McNamara*<br>Elizabeth A. McNamara, Esq.* (lead counsel)<br>John M. Browning, Esq.*<br>Alexandra Perloff-Giles, Esq.*<br>Alexandra M. Settelmayer, Esq.*<br>Davis Wright Tremaine, LLP<br>1251 Avenue of the Americas<br>New York, New York 10020<br>lizmcnamara@dwt.com<br>jackbrowning@dwt.com<br>alexandraperloffgiles@dwt.com<br>alexandrasettelmayer@dwt.com<br><br>William J. Schifino, Jr., Esq.<br>Justin P. Bennett, Esq.<br>Gregory L. Pierson, Esq.<br>Gunster, Yoakley & Stewart, P.A.<br>401 E. Jackson Street<br>Suite 1500<br>Tampa, Florida 33602<br>wschifino@gunster.com<br>jbennett@gunster.com<br>gpierson@gunster.com<br>cwarder@gunster.com<br><br>George S. LeMieux, Esq.<br>Eric C. Edison, Esq.<br>Gunster, Yoakley<br>& Stewart, P.A.<br>450 East Las Olas Blvd.<br>Suite 1400<br>Fort Lauderdale, Florida 33301<br>glemieux@gunster.com<br>eedison@gunster.com |

10

|  | *Counsel for Defendants Penguin Random House LLC, Susanne Craig, and Russ Buettner* |
|---|---|
| Thomas & LoCicero, PL<br>Carol Jean LoCicero, Esq.<br>James J. McGuire, Esq.<br>Linda R. Norbut, Esq.<br>601 South Boulevard<br>Tampa, FL 33606<br>clocicero@tlolawfirm.com<br>jmcguire@tlolawfirm.com<br>lnorbut@tlolawfirm.com<br><br>*Counsel for Defendants New York Times Company, Susanne Craig, Russ Buettner, and Peter Baker* | */s/ Thomas G. Hentoff*<br>Williams & Connolly, LLP<br>Thomas G. Hentoff, Esq.*<br>Nicholas G. Gamse, Esq.*<br>Kimberly Broecker, Esq.*<br>680 Main Avenue S.W.<br>Washington, D.C. 20024<br>thentoff@wc.com<br>ngamse@wc.com<br>kbroecker@wc.com<br><br>*Counsel for Defendants New York Times Company, Susanne Craig, Russ Buettner, and Peter Baker* |