UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESIDENT DONALD J. TRUMP,
an individual,

            Plaintiff,

    v.

NEW YORK TIMES COMPANY, a New
York corporation, SUSANNE CRAIG, an
individual, RUSS BUETTNER, an
individual, PETER BAKER, an individual,
and PENGUIN RANDOM HOUSE LLC,
a Delaware company,

            Defendants.

Case No.
8:25-cv-02487-SDM-NHA

**DEFENDANTS' OPPOSITION MEMORANDUM TO PLAINTIFF'S
MOTION TO CONDUCT VENUE DISCOVERY**

Defendants The New York Times Company ("The Times"), Susanne Craig,

Russ Buettner, Peter Baker, and Penguin Random House LLC ("PRH") respectfully

submit this memorandum of law in opposition to Plaintiff Donald J. Trump's Motion

to Conduct Venue Discovery, to Stay Briefing on Defendants' Rule 12(b)(3) Motion

to Dismiss Pending Limited Discovery, and to Establish a Briefing Schedule, Doc. 48

(the "Discovery Motion").

**INTRODUCTION**

President Trump's motion seeking expansive venue discovery amounts to

nothing more than a fishing expedition. The Court should deny the Discovery Motion.

1

Plaintiff recognizes, as he must, that venue discovery is a *limited* right that can be obtained only if he identifies a genuine and material issue of fact pertaining to Defendants' argument that this action should be dismissed or transferred on venue grounds.[1] But there is no dispute over *any* of the facts establishing that venue is improper in the Middle District of Florida. These dispositive facts are drawn from Plaintiff's own Amended Complaint, Doc. 9 (the "FAC" or "Complaint"), the publications in suit, and Defendants' undisputed declarations establishing that none of the relevant reporting or editorial activities took place in this District. Because there is no factual dispute, there are no grounds for venue discovery.

Plaintiff nevertheless seeks two broad categories of discovery. First, he seeks to establish the exact "circulation/distribution/sales" of the statements in suit in the Middle District of Florida. But that does not go to a disputed issue of material fact for at least two reasons: (a) Defendants never disputed the FAC's claim that "at least tens of thousands of copies of the publications" were read within this District (*see* FAC ¶ 18) and (b) circulation data is immaterial because the mere distribution of a nationwide publication in this District is not enough to establish venue. Accordingly, there are no grounds for venue discovery into circulation data.

Next, Plaintiff seeks wide-ranging discovery—written discovery, including documents, and seven depositions—to "test the factual assertions raised by each of the

---

[1] Plaintiff does not request any discovery to oppose Defendants' motion seeking transfer on *forum non conveniens* grounds pursuant to 28 U.S.C. § 1404. Accordingly, there is no dispute that this component of the Venue Motion can be decided on the papers and without discovery. And the Court can grant the transfer on that basis alone.

declarants" that none of their relevant reporting or editorial activities took place in this District. But Plaintiff does not challenge or even question *any* of the specific facts set forth in Defendants' declarations. Nor does he identify a single fact supporting venue that he expects discovery will reveal.

At bottom, Plaintiff fails to shoulder his burden of identifying any material factual dispute capable of justifying the broad discovery he seeks. Indeed, the *only* bases stated in the FAC for venue are the nationwide circulation of the Book and Articles and the location of a Trump-related company in the District. *See* FAC ¶¶ 18–19. Defendants' motion to dismiss the Amended Complaint for improper venue (the "Venue Motion"), Doc. 43, challenges *neither* basis factually, but rather demonstrates why they are *legally* insufficient. The Discovery Motion seeking merely to "test" the evidence further shows why venue is improper in this District and does not meet the threshold requirements necessary to justify discovery. The Discovery Motion should be denied.

## FACTUAL BACKGROUND

### I.    The Venue Motion

On December 15, 2025, Defendants filed their Venue Motion seeking dismissal of the Complaint, or in the alternative, that the case be transferred to the Southern District of New York.[2]

In the FAC, Plaintiff alleged that the Middle District of Florida is a proper

---

[2] Defendants concurrently filed a Motion to Dismiss the Amended Complaint for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 44.

venue for two reasons: (a) "both the Times and Penguin distributed and sold at least tens of thousands of copies of the publications at issue within this District" and (b) "Trump Media & Technology Group …, which President Trump founded [and for which he was the 'majority shareholder'], is headquartered in Sarasota, within this District." FAC ¶¶ 18–19. Defendants' Venue Motion did not challenge the veracity of either of these claims and, indeed, accepted them as true for the purposes of their Venue Motion. *See* Venue Mot. 15, 17–18.

Defendants instead argued that those allegations, even if true, failed as a matter of law to establish that the Middle District of Florida is the correct forum for this libel action under 28 U.S.C. § 1391(b)(2). Venue Mot. 15–18.[3] The law is clear that "insubstantial connections" to this District do not establish that venue is proper here, *id.* at 12 (quoting *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371–72 (11th Cir. 2003)), as courts must consider only those "events that *directly* gave rise to a claim…," *id.* (quoting *Trump v. Simon & Schuster, Inc.*, 2023 WL 5000572, at *4 (N.D. Fla. Aug. 4, 2023)) (emphasis added); *see also Nunes v. Cable News Network, Inc.*, 2023 WL 2468646, at *5 (M.D. Fla. Mar. 1, 2023) (holding that "it is only those acts which were, in and of themselves, 'wrongful' or had a 'close nexus' to the wrong that c[an] form the basis of a proper venue"). Here, Plaintiff does not reside in this District, and Defendants argued (and Plaintiff does not dispute) that the distribution and sale of a publication

---

[3] Plaintiff does not seek discovery concerning his argument that venue is also proper under Section 1391(b)(3). *See, e.g.*, Discovery Mot. 6–11. Instead, as his FAC alleges, the three individual Defendants reside in states other than Florida. FAC ¶¶ 5–7.

in a District where the plaintiff does not reside is an "insubstantial connection." *See* Venue Mot. 15–18.

Defendants' Venue Motion also set forth undisputed facts demonstrating that none of the "events that directly gave rise" to this defamation action took place in this District, but instead primarily took place in or around New York. This is clear from the works at issue, which are incorporated by reference into the FAC. *Lucky Loser* (the "Book") was written by two reporters from The Times that were based in or around New York, and it focuses on President Trump's career as a New York real estate mogul—including his inheritance from his father (a "legendary New York City Builder"), New York-based tax avoidance schemes, and his role in *The Apprentice*, which was filmed and based in Trump Tower in Manhattan. Venue Mot. 1, 4, 13. The Times' article adapted from the Book is about President Trump's role in *The Apprentice*, a quintessential New York show. *Id.* at 7. And The Times's article by Mr. Baker was written in Washington D.C. The three statements in that article that the FAC challenges surveyed President Trump's previously reported scandals in New York State and the New York region. *Id.* at 9.

Defendants' declarations did not contradict the allegations of the FAC that are pertinent to venue. Instead, they identified the reporting and editorial decisions giving rise to the publication of the Challenged Statements, none of which occurred in the Middle District of Florida. *Id.* at 14.[4] Those declarations were consistent with the facts

---

[4] In support of these facts, Defendants filed declarations from Ms. Craig, Mr. Buettner, and Mr. Baker, as well as from Todd Socia, who serves as Senior Vice President of Print Products at The Times, and

alleged in the FAC, which never alleged that the Challenged Statements pertained to the Middle District of Florida or were based on reporting activities that Defendants conducted there.

## II.     Plaintiff's Discovery Motion

On December 24, 2025—nine days after Defendants filed their Venue Motion—Plaintiff's counsel sent Defendants an email asserting that he intended to "file a motion seeking to conduct venue discovery." *See* Ex. A. In that email, Plaintiff proposed a schedule for serving interrogatories and requests for production on an unspecified range of subjects and for taking seven depositions—depositions of each of the five declarants who submitted declarations in support of the Venue Motion and 30(b)(6) depositions for The Times and PRH. *Id*. In a subsequent email, Plaintiff stated that he sought:

> limited venue-limited written discovery, Rule 30(b)(6) depositions of the Times and Penguin, as well as the depositions of each of the five (5) declarants, focused primarily on (i) district-specific circulation/distribution/sales, including print and digital readership metrics, (ii) the location of the publication/distribution decisions and any District-tethered acts Defendants contend did not occur here; and (iii) the factual assertions raised by each of the declarants in their declarations.

*Id.* The email did not identify any factual disputes or contain any explanation of why these categories of discovery were necessary to oppose the Venue Motion.

On December 26, 2025, the parties conducted a meet and confer call via Zoom.

---

Scott Moyers, who serves as President and Publisher of Penguin Press. *See* Docs. 43-1, 43-5, 43-6, 43-8, and 43-9.

Plaintiff filed the Discovery Motion several hours after the conferral. The Discovery Motion did not attach proposed interrogatories, requests for production, or any other documents specifying the discovery Plaintiff intended to seek. Instead, without explaining how, the Discovery Motion stated that, "[a]t a minimum, venue discovery will reveal" facts related to "[d]istrict-specific print distribution and sales," "[d]istrict-specific digital publication and readership," and the "[l]ocation of publication and distribution decisions." Discovery Mot. 9–10. In addition, the Discovery Motion sought discovery on "[a]ny District-tethered conduct relevant to the challenged statements," including "the existence, scope and location of any Florida- or Middle-District- related acts connected to the statements at issue (including any Florida-related reporting steps Defendants deny occurred)." *Id.* at 10.[5]

## LEGAL STANDARD

As Plaintiff concedes, the Eleventh Circuit recognizes a plaintiff's qualified right to "*limited discovery*" only when he identifies material facts relating to venue that "are *genuinely in dispute*." Discovery Mot. 4 (emphasis added); *see also Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) ("[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in

---

[5] The Discovery Motion also proposed an expedited schedule for venue discovery and briefing, which would require Defendants to respond to written discovery and produce any non-privileged responsive documents within 14 days of receiving Plaintiff's as-yet undefined requests—less than half the time permitted under the Federal Rules. Defendants would then have to submit to seven depositions within the next three weeks after that. Discovery Mot. at 11. Briefing on Defendants' Venue Motion would then resume and be completed only after the delay caused by this venue discovery. Given the burdens imposed by this timeframe, Defendants object to this expedited schedule for venue discovery in the event that the Court grants the Discovery Motion. *See infra* n. 10.

dispute, parties have a 'qualified right to jurisdictional discovery'. . . ."); *Firestone Fin., LLC v. Fap Logistics, LLC*, 2024 WL 4535029, at \*5 (M.D. Fla. Oct. 1, 2024) (holding that "any 'qualified right' to jurisdictional discovery requires (i) a genuine dispute; concerning (ii) jurisdictional facts intertwined with facts that go to the merits"), *report and recommendation adopted*, 2024 WL 4534176 (M.D. Fla. Oct. 21, 2024). These sort of disputes or "contradictions must be sufficiently material to warrant" discovery. *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009).[6]

A plaintiff may not use this sort of discovery to dig up facts that he "should have had—but did not—before coming through the courthouse doors." *Investissement Yves Auclair, Inc. v. MLM Experts, LLC*, 2018 WL 1832867, at \*3 (M.D. Fla. Jan. 25, 2018) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216) (11th Cir. 2007)), *report and recommendation adopted*, 2018 WL 3344549 (M.D. Fla. July 9, 2018). In other words, a plaintiff's failure to investigate and identify relevant facts regarding the appropriate venue prior to filing suit does not create a genuine factual dispute that can form the basis for venue-based discovery. *See, e.g.*, *Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at \*1 (S.D. Fla. Aug. 5, 2011) ("[T]he failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute."). Courts have repeatedly held that plaintiffs will not be authorized to conduct venue-related discovery to engage in "fishing expedition[s]." *Nygard v. DiPaolo*, 753 F.

---

[6] "These Requests for discovery upon a defendant filing a motion to dismiss often occur in the context of jurisdictional questions." *Pat. Holder LLC v. Lone Wolf Distributors, Inc.*, 2017 WL 5032989, at \*7 (S.D. Fla. Nov. 1, 2017). But as Plaintiff concedes, these principles apply "with equal force" to motions for venue-related discovery. Discovery Mot. 5; *see, e.g.*, *Pat. Holder*, 2017 WL 5032989, at \*7.

App'x 716, 721–22 (11th Cir. 2018) (citing *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017)); *Blue Water Innovations, LLC v. Vevazz, LLC*, 2020 WL 6828950, at *5 (M.D. Fla. Oct. 29, 2020) (same); *Lessman v. Procaps Grp., S.A.*, 2024 WL 5112252, at *2 (S.D. Fla. Nov. 1, 2024) (same).

Finally, venue discovery is "only appropriate when a party demonstrates that it can supplement its allegations through discovery." *Nygard*, 753 F. App'x at 721–22; *Lessman*, 2024 WL 5112252, at *2. To justify venue-based discovery, a plaintiff "must set forth specific information that will establish that venue properly lies in [the relevant district]," *Pat. Holder LLC*, 2017 WL 5032989, at *7, and must show how that evidence will support a finding that venue is proper. *See, e.g.*, *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1127 (M.D. Fla. 2006) (denying request for jurisdictional discovery, and granting the defendant's motion to dismiss for lack of jurisdiction, when the plaintiff did not show how the requested discovery would support its position).

## ARGUMENT

Plaintiff's request for venue-related discovery should be denied for two independent reasons. *First*, there is no genuine dispute of material fact that justifies the need for venue-related discovery. *Second*, the Discovery Motion fails to identify why "District-specific print distribution and sales," "District-specific digital publication and readership" of the relevant publications, or opportunistic depositions of the declarants

about their reporting would bolster Plaintiff's allegations that venue is appropriate in the Middle District of Florida. Discovery Mot. 10.

## I. The Court Should Deny Plaintiff's Discovery Motion Because There Is No Genuine and Material Factual Dispute

Plaintiff is not entitled to discovery because there is no genuine factual dispute with respect to any issue material to whether venue is proper in this District. *See Am. Civil Liberties Union of Fla., Inc.*, 859 F.3d at 1341.

On the first category of discovery, which seeks "circulation/distribution/sales" data for the works in suit, there is no factual dispute because, in their Venue Motion, Defendants assumed the truth of the allegation that "both the Times and Penguin distributed and sold at least tens of thousands of copies of the publications at issue within this District." *See* Venue Mot. 15. Defendants' argument that this distribution is insufficient to establish venue is a legal one. For purposes of the Motion, there is no dispute as to the facts alleged by Plaintiff, "only [as to] the conclusions to be drawn from these facts." *Covenant Imaging LLC v. Viking Rigging & Logistics, Inc.,* 2020 WL 12442002, at *8 (S.D. Fla. Feb. 14, 2020). There is, therefore, no basis for discovery on this point. *Id.*

Plaintiff fares no better with his efforts to justify venue discovery on the "[l]ocation of publication and distribution decisions" and "[a]ny District-tethered conduct relevant to the challenged statements." Discovery Mot. 10. Once again, Defendants' arguments that the relevant reporting and editorial activities took place outside of the Middle District of Florida do not contradict any facts alleged in the

FAC. And Plaintiff has not disputed (or even questioned) the accuracy of a single statement in any of Defendants' five declarations supporting the Venue Motion, which confirms what common sense suggests: the relevant activities took place outside this District. *See* Venue Mot. 13–16. There is similarly no dispute that President Trump does not reside in this District or that TMTG has its primary place of business here. *Id*. at 16–18. Once again, these undisputed facts lead to the legal conclusion that venue is improper in this District. *Da Silva Ferreira v. EFG Cap. Int'l Corp.,* 2010 WL 11882925, at \*2 (S.D. Fla. Nov. 5, 2010).

In the absence of a specific factual dispute, Plaintiff cannot justify venue discovery simply by pointing to the five declarations and asserting that he would like to depose the declarants in the hope of digging up something useful. *See NetSoc, LLC v. Chegg Inc.*, 2019 WL 4857340, at \*5 (S.D.N.Y. Oct. 2, 2019) (holding that plaintiff "cannot be entitled to discovery based on pure speculation" and that to hold otherwise "would effectively authorize [plaintiff] to engage in 'an unfounded fishing expedition'") (citing *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009)); *Blue Water Innovations, LLC*, 2020 WL 6828950, at \*5 (denying a motion for venue-based discovery "where [p]laintiff [did not] dispute, in any way, the statements made under penalty of perjury by [the declarants]"); *Univ. of S. Fla. Rsch. Found. Inc. v. EIZO, Inc.*, 2018 WL 4560524, at \*4 (M.D. Fla. Jan. 2, 2018) (declining to grant venue-based discovery where plaintiff failed to offer facts contradicting affidavit filed by defendant); *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 874 (E.D. Va. 2013) (denying venue discovery where plaintiff's request "amount[ed] to

nothing more than an attempt to unearth facts contrary to those sworn facts presented to the Court" by defendant).[7] Here, in both the FAC and his Discovery Motion, Plaintiff does not allege that the location of the work related to the Challenged Statements provides a basis for venue. Yet he now seeks an opportunity to challenge the declarations' demonstration that none of the reporting, writing, or editing relating to those Statements occurred in the Middle District of Florida. A plaintiff seeking to "rebut" such declarations is "not entitled to discovery to develop or support a *new* theory." *In re Zantac Prod. Liab. Litig.*, 706 F. Supp. 3d 1363, 1371 (S.D. Fla. 2020) (emphasis added) (addressing jurisdictional discovery).

Plaintiff seeks to manufacture a dispute by suggesting that the Court should not credit Defendants' "self-serving statements attempting to portray the Articles and the Book as 'New York-centric' stories about Plaintiff and what they claim to be their own New-York-based investigations that led to their ultimate publication" of these works. Discovery Mot. 9. But this is a red herring on multiple levels. A plaintiff is not entitled

---

[7] Plaintiff relies on cases in which, unlike here, the plaintiff specified disputes over facts that had a material bearing on venue and explained why the discovery sought would resolve those issues. *See* Discovery Mot. 5–6; *see also Pena v. Helidosa Aviation Grp., S.A.*, 2024 WL 3090667, at *2 (M.D. Fla. June 20, 2024) (granting limited jurisdictional discovery on the issue of defendant's contacts with Florida where its affidavits disputed plaintiff's allegations that it provided ambulance flight service within the state); *Randall v. Offplan Millionaire AG*, 2018 WL 11252318, at *6 (M.D. Fla. Oct. 23, 2018) (holding that plaintiffs had "identified a genuine dispute of fact necessary to decide the question of jurisdiction and [had] submitted evidence to rebut the representations contained in [defendant's] declaration"); *Amerifactors Fin. Grp., LLC v. Enbridge, Inc.*, 2013 WL 5954777, at *7 (M.D. Fla. Nov. 7, 2013) (granting jurisdictional discovery where defendant offered largely "legal conclusions" contradicting the complaint); *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 2008 WL 1771857, at *2 (S.D. Fla. Apr. 15, 2008) (granting jurisdictional discovery where "[d]efendants challenge[d] [p]laintiff's allegations of their contacts with the State of Florida"); *Basaran v. Martin Data, LLC,* 2021 WL 9614107, at *8 (N.D. Ga. Apr. 9, 2021) (holding that there were "important jurisdictional facts in dispute between the parties that could be resolved through discovery").

to venue discovery anytime a defendant relies on its own declarations. Instead a plaintiff must make a showing that there is a genuine dispute of material fact—which is conspicuously absent here. *See, e.g.*, *Am. Civil Liberties Union of Fla., Inc.*, 859 F.3d at 1341; *Da Silva Ferreira*, 2010 WL 11882925, at \*2.

Moreover, Plaintiff's suggestion that the works in suit may not be "New York-centric" is self-evidently contradicted by the works themselves, which are incorporated by reference into the FAC and demonstrate that no statement at issue pertains to this District.[8] *See, e.g.*, *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 707 (11th Cir. 2016) ("[T]he Court is not bound to accept the truth of general allegations in a complaint where they are contradicted by specific factual details in attached exhibits."). Nor does the FAC claim that Defendants' reporting activities took place in the Middle District of Florida; they did not, as the Declarations confirm. Plaintiff cannot obtain jurisdictional discovery merely because he is unhappy that Defendants' unchallenged declarations confirm that venue is improper in this District. *See, e.g.*, *Ganz v. Grifols Therapeutics LLC*, 688 F. Supp. 3d 1209, 1220 (S.D. Fla. 2023) (holding that plaintiff was not entitled to jurisdictional discovery where he had "not provided any factual support to rebut [defendant's] declaration" and failed to "identify any genuine disputes

---

[8] The Challenged Statements address various aspects of President Trump's life in New York, including: his relationship with his father, a New York-based real estate magnate; his experience as a high school student at New York Military Academy, including taking the SATs; his inheritance of a New York real estate empire and avoidance of New York tax; his starring role on the reality television show *The Apprentice*, which was filmed at Trump Tower in New York; and his ties to the New York "Mafia." *See* FAC ¶¶ 20–22.

of fact"). Plaintiff fails to identify any material factual dispute concerning venue, and, for this reason alone, the Discovery Motion should be denied.

## II.   The Court Should Deny Plaintiff's Discovery Motion Because He Does Not Identify Evidence that Will Defeat the Venue Motion

The limited right to venue discovery is not a free pass to embark on a "fishing expedition." *Pat. Holder LLC*, 2017 WL 5032989, at *7. A plaintiff may not "file suit in far-flung districts and then demand discovery on the issue of venue [that] would recreate the inconvenience that venue rules are intended to prevent—the defendant would still be required to litigate in an inconvenient district." *Id.* (quoting *Symbology Innovations, LLC v. Lego Sys.*, 2017 WL 4324841, at *12 (E.D. Va. Sept. 28, 2017)).[9] Thus, a plaintiff seeking venue-based discovery "must set forth specific information that will establish that venue properly lies in [the relevant district]." *Id.*

President Trump has not done so. He does not identify any facts that he believes he would uncover from discovery; nor does he dispute any facts set forth in Defendants' declarations. Instead, he requests discovery to "test the veracity" of the declarations submitted by Defendants, specifically the "location of publication and distribution decisions" or the "District-tethered conduct relevant to the challenged statements." Discovery Mot. at ¶¶ 7–9. But a desire to "test the veracity" of

---

[9] These rules have particular salience in this defamation case. As the Eleventh Circuit has warned, "[f]orcing publishers to defend inappropriate suits through expensive discovery proceedings in all cases would constrict that breathing space in exactly the manner the actual malice standard was intended to prevent. The costs and efforts required to defend a lawsuit through that stage of litigation could chill free speech nearly as effectively as the absence of the actual malice standard altogether." *Michel*, 816 F.3d 702. Plaintiff should not be able to circumvent *Michel*'s protections by filing suit in a far-flung venue and then demanding venue discovery.

declarations does not open the door to discovery. *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016) (declining to grant jurisdictional discovery where plaintiff sought to "test the veracity of the statements" in defendant's affidavit); *see also Pat. Holder LLC*, 2017 WL 5032989, at \*7 (holding that it "would be, by definition, a 'fishing expedition'" to allow venue discovery where plaintiff did not "dispute, in any way, the statements made under penalty of perjury" by employee of defendant). That is particularly true here since Plaintiff seeks to supplement his pleadings with facts he should have obtained or at least investigated before filing this lawsuit. *See, e.g.*, *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 706 F. Supp. 3d 1363, 1367–68 (S.D. Fla. 2020) (holding that a party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation).

Plaintiff's request for "District-specific digital publication and readership" and "District-specific print distribution and sales" metrics, Discovery Mot. 9, is similarly futile because venue cannot be based on distribution alone, particularly when Plaintiff does not even reside in the District. *See* Venue Mot. 15–16 (citing cases). Even if this information was relevant (and it is not), Plaintiff does not try to explain what the granular data he seeks would add beyond the FAC's allegation that "tens of thousands" of copies of the works in suit were distributed in the District, which has been accepted as true for purposes of the Venue Motion. And which, by the way, would be true for most any District in the country.

In the end, Plaintiff provides no foundation for the extensive, undefined, and unusual discovery—including documents, interrogatories, and seven depositions—he

15

asks the Court to permit, and, in any event, the broad discovery he seeks is not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). For this reason, too, the Discovery Motion should be denied. *See, e.g.*, *ShopSee, Inc. v. TikTok Inc.*, 2025 WL 1700626, at *3 (W.D. Tex. June 12, 2025) (denying motion to compel deposition for venue-related testimony where discovery sought was "not proportional to the needs of the case").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Venue Discovery, and for any further relief the Court deems just and proper.[10]

Dated: January 9, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Carol Jean LoCicero* | */s/ William J. Schifino, Jr.* |
| Carol Jean LoCicero, Esq. | William J. Schifino, Jr., Esq. |
| Florida Bar No. 603030 | Florida Bar No. 564338 |
| Linda Norbut, Esq. | Justin P. Bennett, Esq. |
| Florida Bar No. 1011401 | Florida Bar No. 112833 |
| **THOMAS & LOCICERO** | Gregory L. Pierson, Esq. |
| 601 S. Boulevard | Florida Bar No. 123905 |
| Tampa, FL 33606 | **GUNSTER, YOAKLEY &** |
| Telephone: (813) 984-3060 | **STEWART, P.A.** |
| clocicero@tlolawfirm.com | 401 E. Jackson Street, Suite 1500 |
| lnorbut@tlolawfirm.com | Tampa, Florida 33602 |
| | Telephone: (813) 228-9080 |

---

[10] Should the Court grant the Discovery Motion, Defendants oppose the expedited schedule for venue-based discovery proposed by Plaintiff in light of the significant burden that it would impose on Defendants and Plaintiff's failure to specify the exact discovery that he is seeking. Plaintiff articulates no basis for his request to depart from the discovery timelines set forth in the Federal Rules. Defendants take no position on Plaintiff's request for an enlargement of time of twenty-one (21) days to respond to Defendants' Venue Motion, if the Court denies Plaintiff's Motion for Discovery.

Thomas G. Hentoff, Esq.* (lead counsel)
Nicholas G. Gamse, Esq.*
Kimberly Broecker, Esq.*
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5804
thentoff@wc.com
ngamse@wc.com
kbroecker@wc.com

*Admitted *pro hac vice*

***Attorneys for Defendants New York Times Company, Peter Baker, Susanne Craig, and Russ Buettner***

Facsimile: (813) 228-6739
wschifino@gunster.com
jbennett@gunster.com
gpierson@gunster.com

George S. LeMieux, Esq.
Florida Bar No. 16403
Eric C. Edison, Esq.
Florida Bar No. 10379
**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
Facsimile: (954) 523-1722
glemieux@gunster.com
eedison@gunster.com

Elizabeth A. McNamara, Esq.* (lead counsel)
John M. Browning, Esq.*
Alexandra Perloff-Giles, Esq.*
Alexandra M. Settelmayer, Esq.*
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 489-8230
lizmcnamara@dwt.com
jackbrowning@dwt.com
alexandraperloffgiles@dwt.com
alexandrasettelmayer@dwt.com

*Admitted *pro hac vice*

***Attorneys for Defendants Penguin Random House LLC, Susanne Craig, and Russ Buettner***

17