# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PRESIDENT DONALD J. TRUMP,
an individual,

          Plaintiff,

v.

NEW YORK TIMES COMPANY, a New York corporation, SUSANNE CRAIG, an individual, RUSS BUETTNER, an individual, PETER BAKER, an individual, and PENGUIN RANDOM HOUSE LLC, a Delaware company,

          Defendants.

Case No.
8:25-cv-02487-SDM-NHA

## DEFENDANTS' MOTION TO STAY MERITS DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants The New York Times Company ("The Times"), Susanne Craig, Russ Buettner, Peter Baker, and Penguin Random House LLC ("PRH") respectfully move for a brief stay of merits discovery pending disposition of their pending Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, Doc. 44 (the "Merits Motion"), and their Motion to Dismiss the Amended Complaint or, in the Alternative, to Transfer for Improper Venue, Doc. 43 (the "Venue Motion"). In support, Defendants state as follows:

1

## INTRODUCTION

This Court should stay discovery because Plaintiff Donald J. Trump's Amended Complaint ("Complaint" or "FAC"), Doc. 9, is likely to be dismissed in its entirety, substantially narrowed, or transferred out of this District. Under these circumstances—when discovery likely will be entirely unnecessary or vastly reduced, when Plaintiff has shown no urgency in prosecuting his case, and when the expense of discovery is itself a burden on Defendants' First Amendment rights—the prejudice to Defendants of engaging now in discovery far outweighs any minimal harm to Plaintiff from a stay.

This is a defamation action based on 33 challenged statements about a candidate for the presidency, published at the height of a presidential campaign, spread across three different publications—the book *Lucky Loser* and two *New York Times* articles—written or published by five different defendants. All of the claims fail for multiple independent reasons, as even a "preliminary peek" at the Complaint and Defendants' Merits Motion reveals. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). And staying discovery advances the "powerful interests" the Eleventh Circuit has identified in "ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016). Indeed, strict application of "the plausibility pleading standard makes particular sense when examining public figure defamation suits" because "[f]orcing publishers to defend inappropriate suits through expensive

discovery proceedings" constricts the "breathing space" envisioned by the actual malice standard and other First Amendment safeguards. *Id.*

If not dismissed in its entirety, this sprawling defamation action will likely be narrowed, in terms of both the number of challenged statements and the named defendants, and/or transferred to the Southern District of New York, because none of the material events giving rise to this defamation action transpired in the Middle District of Florida. Importantly, the Southern District of New York has its own distinctive rules for discovery and more commonly stays discovery pending the adjudication of a motion to dismiss. It would waste judicial resources to permit broad discovery that could turn out to be unneeded after the Court decides the pending dismissal motions.

For all these reasons, Defendants would be severely prejudiced by expensive, intrusive, and premature discovery. Plaintiff, on the other hand, would suffer no prejudice from a short stay. He waited roughly a year to challenge the publications in suit, and many of the claims at issue were first reported as early as 2018 and went unchallenged for nearly 8 years. In short, it is in the interest of the parties and of judicial efficiency to stay discovery for a short time.

## FACTUAL BACKGROUND

On December 15, 2025, Defendants filed two motions to dismiss: the Merits Motion and the Venue Motion. The leading argument in the Merits Motion is that the entire Complaint should be dismissed for failure to plausibly plead actual malice. *See* Merits Mot. 11–29. The Complaint also fails to identify any false and defamatory

statements because it fails to plausibly allege any facts to support its conclusory allegation of falsity with respect to all the statements in issue, while some statements are non-actionable opinions or not defamatory at all. *Id.* at 29–44. Finally, President Trump's defamation *per quod* claims are facially deficient because he fails to plead special damages. *Id.* at 44–45. Defendants concurrently filed their Venue Motion asserting that this lawsuit should be dismissed or transferred to the Southern District of New York because none of the material events giving rise to this defamation action transpired in the Middle District of Florida. The Southern District of New York has distinctive rules narrowing discovery, including strict limits on interrogatories, and typically grants stays of discovery while case-dispositive dismissal motions are pending.

On December 26, 2025, Plaintiff filed a motion for venue discovery, which Defendants opposed on January 9, 2026. Also on December 26, 2025, Plaintiff moved for an extension of time to respond to Defendants' Merits Motion, arguing that "venue is a threshold issue the Court should address before expending resources on merits decisions." Doc. 49 at 4. To date, Plaintiff has not filed oppositions to Defendants' Merits or Venue Motions.

## ARGUMENT

Courts have broad discretion in managing their dockets. *See, e.g.*, *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Hirshberg v.*

4

*Lyman Prods. Corp.*, 2021 WL 9553273, at *1 (M.D. Fla. Feb. 22, 2021) (citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)). Indeed, the Eleventh Circuit has instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (ellipses in original) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *see id.* at 1309 (affirming stay of discovery); *accord Roberts v. FNB South of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017) ("[I]n general, motions to dismiss for failure to state a claim 'should be resolved before discovery begins.'") (quoting *Chudasama*, 123 F.3d at 1367).

And, although the Middle District of Florida's Civil Discovery Handbook provides that "[n]ormally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion," it also recognizes that a stay of discovery may be warranted "in a particular case upon a specific showing of prejudice or undue burden." *Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* § I(E)(4) (2021). Such a showing is made, for example, when "[t]he Court's review of the complaint and the motion to dismiss leaves it with the concern that Plaintiff's defamation claim may be legally insufficient because the challenged statements may be expressions of opinion, and/or truthful and/or protected by the First Amendment." *Borislow v. Canaccord Genuity Grp., Inc.*, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014). Indeed, "[t]he

5

Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted." *Id.* (citing *Chudasama*, 123 F.3d at 1367–68).

"In determining whether to stay discovery pending the resolution of a motion, the Court . . . must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. The Court "'take[s] a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652–53. In addition, this Court may also consider the likely costs and burdens of proceeding with discovery pending resolution of the motion. *See id*. at 652.

"Because neither party needs discovery before a court resolves a dispositive motion based solely on a legal matter, staying discovery until then avoids potentially needless cost." *Race v. Bradford Cnty.*, 2019 WL 1755808, at *2 (M.D. Fla. Apr. 19, 2019) (citing *Chudasama*, 123 F.3d at 1367). Ultimately, "[c]ourts must manage pretrial discovery to avoid wasting resources, and '[g]ranting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility.'" *Id.* (citing *Rivas v. The Bank of N.Y. Mellon*, 2017 WL 242545, at *4 (11th Cir. Jan. 20, 2017)).

### I. Defendants Will Suffer Significant Prejudice from Having to Engage in Discovery on Plaintiff's Claims, Which Are Without Merit

Any time a "preliminary peek" shows that a complaint is without merit and a motion to dismiss is likely to dispose of the case in its entirety, a stay of discovery is

justified. *See, e.g.*, *Isaiah*, 960 F.3d at 1308–09. But where, as here, a case is brought to punish First Amendment-protected speech and the discovery process itself furthers that punishment, a stay of discovery is particularly warranted. Other circumstances particular to this case also heighten the prejudice to Defendants of having to engage now in discovery, including the breadth of discovery Plaintiff has signaled he intends to seek, the likelihood that the case will be significantly narrowed if not outright dismissed, and the materially different discovery rules and practices in the Southern District of New York, where this case belongs.

### A. Defendants' Merits Motion Will Likely Dispose of the Entire Action or Significantly Limit the Scope of Discovery

A "preliminary peek" at Defendants' Merits Motion reveals that it is likely to dispose of this case in its entirety on multiple grounds or, at the very least, significantly reduce the scope of discovery by eliminating claims based on non-actionable statements or against certain Defendants.

Multiple fatal defects are readily apparent from even a cursory review of the Complaint and Defendants' Merits Motion. President Trump has failed to plausibly plead actual malice as to any of the challenged statements, as he must. *See* Merits Mot. at 9–29 (no plausible actual malice allegations as to the challenged statements in the book or either of the two articles); *see also Michel*, 816 F.3d at 702; *Klayman v. City Pages*, 650 F. App'x 744, 750–51 (11th Cir. 2016). He also fails to plead any false and defamatory statement of fact, *see* Merits Mot. at 29–44, which is the "*sine qua non* for recovery in a defamation action." *Trump v. CNN, Inc.*, 2025 WL 3213203, at *1 (11th

Cir. Nov. 18, 2025) (citation omitted). Each of the challenged statements is either non-actionable opinion or a factual statement as to which Plaintiff does not even plead what is false or why. The vast majority of the statements also are not defamatory as a matter of law. Finally, Plaintiff's failure to plead special damages dooms his *per quod* claims. *See* Merits Mot. at 44 –45. In short, President Trump failed to follow this Court's instructions to plead the elements of his claim "precisely [and] directly," Doc. 5 at 4, and his sprawling Amended Complaint does not fare any better than his original complaint, which the Court dismissed *sua sponte*. *Id.*

Because these many defects in the Complaint require dismissal of the entire action, a short stay of discovery pending a decision on the dismissal motions is appropriate. *See, e.g.*, *Robinson v. Equifax Info. Servs., LLC*, 2024 WL 4040836, at *1 (M.D. Fla. Sept. 4, 2024) ("[A]ny harm produced by staying discovery is outweighed by the possibility that the Motions will be granted and preclude the need for such discovery."); *Heghmann v. Hafiani*, 2021 WL 8775756, at *1 (M.D. Fla. Feb. 22, 2021) (granting a stay of discovery and explaining that, notwithstanding the Middle District Discovery Handbook, a stay is appropriate "when there are facially frivolous claims or legal theories in the complaint"); *DeBoskey v. SunTrust Mortg., Inc.*, 2016 WL 11504673, at *1 (M.D. Fla. Oct. 26, 2016) (granting stay of discovery where "[t]he motions to dismiss are potentially dispositive and, if granted, may eliminate the need to continue discovery"); *Williams v. Bank of Am. Corp.*, 2016 WL 11618570, at *1 (M.D. Fla. July 13, 2016) (granting motion to stay where pending motions to dismiss "would dispose of the whole case" and "appear to be meritorious"); *Jackson-Platts v. McGraw-*

8

*Hill Cos., Inc.*, 2013 WL 6440203, at *6 (M.D. Fla. Nov. 8, 2013) (Merryday, J.) (granting stay of discovery where "the complaint fails the 'facial plausibility' test").

Moreover, even if some portion of the Complaint were to survive, "at a very least a significant portion of the claims may be dismissed [with prejudice]—which will further narrow the scope of discovery." *Boger v. Jaffe*, 2024 WL 3952283, at *1 (M.D. Fla. Aug. 26, 2024); *see also Khan v. BankUnited Inc.,* 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) ("While discovery generally should not be stayed pending resolution of a motion to dismiss, a stay may be appropriate when its resolution will potentially narrow the scope of discovery in a case of this complexity and size."); *Zarnesky v. Adidas America, Inc.,* 2021 WL 3729230, at *3 (M.D. Fla. Jun. 10, 2021) (granting a motion to stay discovery where the court held that "[i]f granted, the motion [to dismiss] will dispose of the case entirely or, at a minimum likely narrow and focus the scope of [plaintiffs'] claim"). Staying discovery temporarily will avoid burdening any Defendants that are dismissed from the case and permit the remaining parties to focus on the facts relevant to any surviving legal claims.

### B. Discovery Pending Resolution of Defendants' Meritorious Motions Harms their First Amendment Interests

First Amendment considerations weigh heavily in favor of a stay. As is clear on the face of the Complaint, this lawsuit challenges "political speech of the highest order." *Trump v. CNN, Inc.*, 684 F. Supp. 3d 1269, 1275 (S.D. Fla. 2023), *aff'd*, 2025 WL 3213203 (11th Cir. Nov. 18, 2025). The President of the United States seeks to punish reporters and their publishers—to the tune of $15 billion—for publishing

journalistic works with a perceived "anti-Trump narrative." Doc. 9 ¶ 55 & p. 39. As the Eleventh Circuit recognized in *Michel*, "[f]orcing publishers to defend inappropriate suits through expensive discovery proceedings . . . would constrict that breathing space" that the First Amendment requires. 816 F.3d at 702.[1] Courts therefore grant stays of discovery pending resolution of motions challenging "the legal sufficiency" of defamation claims. *See, e.g.*, *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1324 (S.D. Fla. 2020) (granting stay of discovery in defamation action, citing *Michel*, and recognizing the "powerful" speech interests at stake); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming stay of discovery pending resolution of motion for judgment on the pleadings in defamation action); *Borislow*, 2014 WL 12580035, at *1 (granting discovery stay in defamation action); *Depaco v. Sociedade Independente de Comunicacao S.A.*, 2024 WL 6881584, at *2 (M.D. Fla. Apr. 15, 2024) (same); *Vesselov v. Harrison*, 2024 WL 536061, at *1 (S.D. Fla. Jan. 4, 2024) (noting that discovery was stayed pending a ruling on the motion to dismiss); *Schmidt v. Wash. Newspaper Publ'g Co.*, 2018 WL 11650584, at *10 (S.D. Fla. Oct. 4, 2018) (same). This Court should do the same.

### C. Plaintiff's Discovery Requests Are Especially Likely To Be Burdensome to Defendants

President Trump's venue discovery motion previews discovery tactics that in

---

[1] Consistent with these interests, Florida's anti-SLAPP statute also recognizes that "the very filing and continuation" of lawsuits like this one concerning "speech in connection with public issues" has a "chilling effect on constitutional rights." *Davis v. Mishiyev*, 339 So. 3d 449, 452 (Fla. 2d DCA 2022) (citation omitted), *disapproved on other grounds, Vericker v. Powell*, 406 So. 3d 939 (Fla. 2025).

10

the broader merits case would burden Defendants' speech. Although his motion for venue discovery purports to seek only "limited" and "[t]argeted" discovery, Plaintiff asks to take seven party depositions "to test" the veracity of Defendants' declarations (despite failing to identify a single disputed fact). He also seeks wide-ranging, burdensome, and irrelevant document discovery that goes far beyond venue and includes "the channels, distributors, and routing decisions that drove [] shipments and sales" of the Book, "readership metrics" including "page views, unique visitors, subscriber views," information about "operative decisions" including "printing, warehousing and shipping pathways for Penguin and publication and distribution processes for The Times," and all Florida-related "acts connected to the statements at issue." Doc. 48 at 2, 10, 11.

Plaintiff's merits discovery promises to be even broader. *See* Case Management Plan, Doc. 50 at 6–7. At a minimum, it will cover sweeping categories of information—ranging from President Trump's time at the New York Military Academy, the circumstances surrounding his college admissions testing, his inheritance of a New York real estate empire and related tax avoidance, his business career in New York (including alleged Mafia ties), and his starring role on the reality television show *The Apprentice*, among other topics. But as set forth in the Case Management Plan, Plaintiff also intends to seek discovery concerning, e.g., "Defendants' prior reporting on Plaintiff"—a potentially vast universe of documents given the Defendants' extensive reporting and prior work concerning the President. *Id.* at 7. A short stay of discovery prevents Plaintiff from weaponizing the discovery

11

process to punish Defendants and chill speech, even before the merits of his Complaint are even considered.

### D. Discovery Should Not Proceed Before Venue Is Determined

Defendants' Venue Motion may very well result in the transfer of this action to the Southern District of New York. The Southern District of New York has materially different discovery rules than the Middle District of Florida, particularly with respect to interrogatories. In the Southern District of New York, interrogatories served at the commencement of discovery are strictly "restricted to those seeking names of witnesses," "the computation of each category of damage alleged," and "the existence, custodian, location and general description of relevant documents." S.D.N.Y. Local Rule 33.3. Principles of comity and fairness to Defendants thus dictate in favor of staying discovery until the Court has determined the appropriate venue.

## II. A Brief Stay Of Discovery Will Not Prejudice Plaintiff

While Defendants would be significantly prejudiced by having to engage in discovery on a meritless Complaint, Plaintiff will suffer no injury from a brief stay of discovery pending adjudication of Defendants' motions to dismiss. Defendants will of course preserve all documents, and no relevant parties or witnesses are likely to become unavailable. Further, President Trump's lack of urgency underscores the absence of prejudice. He commenced this action approximately one year after the statements at issue were published. And the substance of many of the statements in suit had been published many years before that—including the claims about President Trump's inheritance (which Buettner and Craig first reported in 2018) and various

historical claims about President Trump's career dating back to the 1980s. *See, e.g.*, David Barstow, Susanne Craig & Russ Buettner, *Trump Engaged in Suspect Tax Schemes as He Reaped Riches From His Father*, N.Y. Times (Oct. 2, 2018), https://www.nytimes.com/interactive/2018/10/02/us/politics/donald-trump-tax-schemes-fred-trump.html. Indeed, when President Trump unsuccessfully sued The Times, Craig and Buettner in September 2021 over some of the same reporting at issue here, he "d[id] not specifically dispute the truth of any statements made in the article" and did not assert a libel claim, which he presumably would have done if the reporting posed an immediate threat to his reputation. Merits Mot. at 21 n.7. Having waited nearly *eight years* to challenge that reporting, Plaintiff has no serious argument that he would be prejudiced by a short stay of discovery while the Court decides Defendants' dismissal motions.

In fact, although Plaintiff has not consented to stay discovery, his actions speak loudly. He has made no effort to obtain discovery going to the merits. Then, in seeking "limited" discovery concerning venue, Plaintiff appears to be in agreement that merits discovery is premature. In his motion for venue discovery, Plaintiff asks the Court to defer "expending resources on merits" considerations while "threshold" venue issues are resolved, in order to avoid "needless expense on the parties" and "wast[ing] judicial resources." Doc. 49 at 5. On this, the parties agree: a stay of merits discovery would benefit all parties.

### III. A Stay of Discovery Will Preserve Judicial Resources

Finally, staying discovery also serves the interests of judicial economy, as discovery "can tax scarce judicial resources when discovery disputes arise." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citing *Chudasama*, 123 F.3d at 1367–68). The breadth of discovery that Plaintiff is likely to seek will impose significant burdens not only on Defendants but also on the Court, which will be called upon to adjudicate any motions to compel or motions to quash and to resolve complex discovery disputes that could include the reporter's privilege and/or the executive privilege. "So long as a stay is neither immoderate nor indefinite, a stay is appropriate in the interest of judicial convenience." *Rodriguez v. Imperial Brands plc*, 2022 WL 2231504, at *3 (S.D. Fla. May 25, 2022) (internal alterations and citation omitted). Here, the requested stay would neither be immoderate nor indefinite but instead narrowly tailored to the Court's ruling on Defendants' Merits Motion and Venue Motion.

### CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court stay all discovery pending resolution of Defendants' Merits and Venue Motions.

### LOCAL RULE 3.01(g) CERTIFICATION

Defendants certify that, on January 4 and January 5, they conferred by email with counsel for Plaintiff, who does not consent to the relief sought.

Dated: January 19, 2026

Respectfully submitted,

/s/ Carol Jean LoCicero
Carol Jean LoCicero, Esq.
Florida Bar No. 603030
Linda Norbut, Esq.
Florida Bar No. 1011401
**THOMAS & LOCICERO**
601 S. Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Thomas G. Hentoff, Esq.* (lead counsel)
Nicholas G. Gamse, Esq.*
Kimberly Broecker, Esq.*
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5804
thentoff@wc.com
ngamse@wc.com
kbroecker@wc.com

*Admitted *pro hac vice*

**Attorneys for Defendants New York Times Company, Peter Baker, Susanne Craig, and Russ Buettner**

/s/ William J. Schifino, Jr.
William J. Schifino, Jr., Esq.
Florida Bar No. 564338
Justin P. Bennett, Esq.
Florida Bar No. 112833
Gregory L. Pierson, Esq.
Florida Bar No. 123905
**GUNSTER, YOAKLEY & STEWART, P.A.**
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
Facsimile: (813) 228-6739
wschifino@gunster.com
jbennett@gunster.com
gpierson@gunster.com

George S. LeMieux, Esq.
Florida Bar No. 16403
Eric C. Edison, Esq.
Florida Bar No. 10379
**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
Facsimile: (954) 523-1722
glemieux@gunster.com
eedison@gunster.com

Elizabeth A. McNamara, Esq.* (lead counsel)
John M. Browning, Esq.*
Alexandra Perloff-Giles, Esq.*
Alexandra M. Settelmayer, Esq.*
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 489-8230
lizmcnamara@dwt.com
jackbrowning@dwt.com

15

alexandraperloffgiles@dwt.com
alexandrasettelmayer@dwt.com

*Admitted *pro hac vice*

***Attorneys for Defendants Penguin Random House LLC, Susanne Craig, and Russ Buettner***