# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## Tampa Division

PRESIDENT DONALD J. TRUMP,
an individual,

                      Plaintiff,

    v.

NEW YORK TIMES COMPANY,
a New York corporation, SUSANNE
CRAIG, an individual, RUSS
BUETTNER, an individual,
PETER BAKER, an individual,
and PENGUIN RANDOM HOUSE
LLC, a Delaware company,

                      Defendants.

Case No. 25-cv-02487-SDM-NHA

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through undersigned counsel, hereby files this Memorandum of Law in Opposition to the Motion to Stay Merits Discovery [ECF No. 52] ("Motion to Stay Discovery") filed by Defendants The New York Times Company ("The Times"), Susanne Craig ("Craig"), Peter Baker ("Baker"), and Penguin Random House LLC ("PRH") (together, "Defendants"). In support thereof, President Trump states as follows:

## INTRODUCTION AND SUMMARY OF RESPONSE

This action arises from two articles published by The Times and one book published by PRH—all of which contain multiple false, defamatory, and malicious statements about President Trump. As Defendants impliedly admit, these statements were strategically and intentionally published during the crescendo of the 2024 Presidential Election, seeking to undermine President Trump's re-election odds. As a basis to stay discovery, Defendants rely on the inapposite arguments advanced in their Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim [ECF No. 44] ("Motion to Dismiss") and Motion to Dismiss the Amended Complaint or, in the Alternative, to Transfer for Improper Venue [ECF No. 43] ("Motion to Transfer") (together, the "Underlying Motions"). For four reasons, the Court should deny Defendants' Motion to Stay Discovery.

*First*, Defendants' Underlying Motions are not fully briefed. As a result, the Court cannot take a "preliminary peek" to evaluate the merits of Defendants' Motions without having the benefit of reviewing Plaintiff's response thereto. But even if the Court focuses on Defendants' arguments in support of dismissal, they fail to demonstrate a clear indication that Plaintiff's claims will be dismissed in their entirety.

*Second*, even if the Court grants Defendants' pending Motion to Transfer, which Plaintiff submits should not occur, that does not warrant a stay of discovery.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Courts in this District and around the Eleventh Circuit agree that a transfer of venue, standing alone, is insufficient for a stay because the action will proceed regardless of whether it is in this District or another.

*Third*, Defendants' Motion to Stay Discovery does not present any specific showing of prejudice or undue burden. Instead, Defendants offer nothing but general speculation and complaints that answering discovery during the pendency of their Underlying Motions will somehow cause them prejudice. Without more, those are insufficient to meet the high burden required to justify a stay of discovery.

*Finally*, Defendants' request to stay merits discovery is indefinite. Although Defendants are requesting that the Court stay merits discovery until the Underlying Motions are adjudicated, the Court has not yet entered a briefing schedule for the Underlying Motions. Thus, it is presently unknown when those motions will be adjudicated. If an indefinite stay is granted, any pretrial deadlines entered in the meantime by the Court would either be incredibly compressed or frustrated altogether.

## ARGUMENT

### A. Legal standard for staying discovery.

Generally, "[t]he pendency of a motion to dismiss normally will not justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss. And Eleventh Circuit case law, including the Eleventh Circuit's holding in

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), does not support 'the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss.'" *Markle v. Markle*, No. 8:22-CV-511-CEH-TGW, 2023 WL 1797171, at *1 (M.D. Fla. Feb. 7, 2023) (denying motion to stay discovery; quoting *In re Winn Dixie Stores, Inc. Erisa Litig.*, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007)).

> In limited circumstances, a dispositive motion might warrant a stay of discovery pending its resolution. But such 'is the exception, rather than the rule' and is generally disfavored. Unilateral motions to stay discovery pending resolution of a dispositive motion 'are rarely granted' and are reserved for 'unusual circumstances' justifying a stay 'upon a specific showing of prejudice or undue burden.' Thus, motions to stay discovery are generally denied absent: (i) 'a clear indication a case will be dismissed in its entirety'; and (ii) 'a specific showing that discovery in [the] case presents the type of unusually prejudicial or burdensome circumstance which could warrant a stay' sufficient to carry the movant's burden of showing that a stay is necessary, appropriate, and reasonable.

*RxWound, LLC v. Extremity Care, LLC*, 2025 WL 1745137, at *1 (M.D. Fla. June 24, 2025) (quoting *See In re LoanCare Data Sec. Breach Litig.*, 2024 WL 2318147, at *1 (M.D. Fla. May 22, 2024) and citing *Gen. Dynamics Elec. Boat Corp. v. Skobic*, 2024 WL 4188363, at *3 (M.D. Fla. Sept. 13, 2024)) (emphasis in original).

> In particular, this district has found that motions to stay discovery are 'not favored because when discovery is delayed or prolonged[,] it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.' As such, 'a stay pending resolution of a motion is rarely appropriate unless the resolution of the motion would

dispose of the discovery altogether.'

*Arnold v. Target Contractors LLC*, 2025 WL 239476, at *1 (M.D. Fla. Jan. 17, 2025)

(quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) and quoting

*Sonate Corp. v. Dunkin' Brands Grp., Inc.*, 2023 WL 2391709, at *1 (M.D. Fla.

Mar. 7, 2023)).

As the Chief Judge of the Southern District of Florida explained:

> **Th[e] skepticism of discovery stays is well-founded.** Courts must construe the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.' Fed. R. Civ. P. 1. The rules governing discovery are no exception. '[W]hen discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.' *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) (alteration added; citations omitted). These problems include 'duplicat[ion] [of] costs because counsel must reacquaint themselves with the case once the stay is lifted[,]' leaving '[m]atters of importance . . . mislaid or avenues unexplored[,]' and the 'management problem[s]' that inevitably arise when the case 'leaves the normal trial track.' *Kron Med. Corp. v. Groth,* 119 F.R.D. 636, 637 (M.D.N.C. 1988) (alterations added). For these reasons, **federal law places a thumb on the scale against discovery stays** while also permitting departure from that general rule when the circumstances warrant – and when the proponent of the stay sets forth sufficient justification for delay.

*Thompson v. Ryder System, Inc.,* 2022 WL 18776115, *2 (S.D. Fla. Sept. 7, 2022)

(emphasis added).

As demonstrated below, Defendants fall woefully short of meeting the

elevated and particularized burden to show that a stay of discovery is warranted.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**B. Defendants fail to demonstrate a "clear indication" that the action will be dismissed in its entirety**.

"In deciding a defendant's request for a stay of discovery pending a ruling on a dispositive motion, 'it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive.'" *Buechler v. Rumble Inc.,* No. 8:22-CV-2237-SDM-AAS, 2022 WL 17582552, at *1 (M.D. Fla. Dec. 12, 2022) (denying motion to stay discovery; quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). If Defendants do not meet the "extraordinarily stringent 'clearly meritorious' standard … the balance tips in favor of requiring discovery to go forward." *Id*. And even if the Court takes a preliminary peek and suspects that the case will end in dismissal, that outcome must be apparent—otherwise, a stay of discovery is improper. *See Cabrera v. Progressive Behavioral Sci., Inc.,* 331 F.R.D. 185, 186-187 (S.D. Fla. 2019) ("Dismissal of the case with prejudice is not a foregone conclusion. The Defendants argue that the Plaintiff's FLSA claims are 'frivolous' and a 'sham.' (ECF No. 38 at 2-3.) These arguments do no more than rehash the Defendants' position, made in their motion to dismiss, that they should prevail. … The Defendants advance several arguments for dismissal, but the Plaintiff also offers several arguments in response. Although this case may end in dismissal, that outcome is not apparent

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

enough after a 'preliminary peek' to warrant an across-the-board stay of discovery right now – an outcome that is considered the exception, rather than the rule.").

As a threshold matter, Defendants' Underlying Motions are not fully briefed. "Because the dismissal motions are not even fully briefed, the Undersigned is not prepared to now assess the viability of the motions. Nevertheless, my admittedly incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be in their papers and at the hearing." *Montoya v. PNC Bank, N.A.,* 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) (internal citation omitted).

This District has applied the same analysis and denied a request to stay merits discovery on an identical basis. *See Miller's Ale House, Inc. v. DCCM Rest. Group, LLC*, 2015 WL 6123984, at *2 (M.D. Fla. Oct. 16, 2015) (denying motion to stay discovery: "Here, the parties have not even begun discovery, Defendant's motion to dismiss is not yet fully briefed, and the Court has not shirked or delayed the exercise of any of its responsibilities."). "Without the benefit of Plaintiff's responses and defenses to the issues presented in the motions, the Court cannot properly take a 'preliminary peek' at the viability of the motions to determine if this case presents the kind of 'especially dubious' claim that would justify staying discovery to avoid needless and extensive discovery." *MindbaseHQ LLC v. Google LLC*, 2021 WL 680887, at *2 (S.D. Fla. Feb. 22, 2021); *see also Koppelman v. Galt Ocean Manor*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Condo. Ass'n, Inc.,* 2016 WL 6777896, at *2 (S.D. Fla. Nov. 16, 2016) ("However, such a summary, without the benefit of full briefing, falls well short of putting the Court in a position to determine that a motion to dismiss by the Defendants will be both granted and case dispositive.").

Thus, without the ability to evaluate Plaintiff's response to Defendants' Underlying Motions, the Court is unable to take a "preliminary peek," and fully evaluate the merits of Defendants' arguments. On that basis alone, the Motion to Stay Discovery should be denied. Despite this, Defendants advance several additional arguments attempting to demonstrate the "clear indication" that Plaintiff's First Amended Complaint will be dismissed with prejudice. However, none of them remotely suffice to tip the scales and justify a stay of discovery.

*First*, in their Motion to Dismiss, Defendants incorrectly contend that President Trump did not allege any facts demonstrating Defendants' actual malice. *See* D.E. 52, § (I)(A), p. 7. This is simply untrue. The First Amended Complaint alleges several pages of facts demonstrating that Defendants knew or should have known that their defamatory statements were false, or that they entertained serious doubt about whether those statements were true. *See* D.E. 9, ¶¶ 45-64. Throughout those paragraphs, the First Amended Complaint alleges that Defendants Craig and Buettner relied on convicted felon Charles Littlejohn as a source for many of the defamatory statements in the Book (*see id.*, ¶ 46), that The Times has previously

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

admitted that it has significant bias in its reporting of Plaintiff (*see id*., ¶ 47), that The Times has an internal practice to cover Plaintiff negatively, that Defendants have leveraged these policies against Plaintiff in the past (*see id*., ¶¶ 50-54), and that Defendants did not interview key members of *The Apprentice* to verify the false, defamatory, and malicious statements in the First Article (*see id*., ¶¶ 55-57). Each of these facts underscores the recklessness of Defendants' conduct in authoring and publishing the false and defamatory statements about President Trump.

*Second*, Defendants wrongly claim that the First Amended Complaint fails to allege that any of the challenged defamatory statements were false. *See* D.E. 52, § (I)(A), p. 7. Once again, Defendants' contention is belied by the allegations of the First Amended Complaint. By way of example, Paragraph 20 of the First Amended Complaint alleges and identifies twenty-two false and defamatory statements published by Defendants PRH, Craig, and Buettner in the Book. *See* D.E. 9, ¶ 20(a)-(v). Paragraph 21 of the First Amended Complaint alleges and identifies nine separate false and defamatory statements published by Defendants The Times, Craig, and Buettner in the First Article. *See id*., ¶ 21(a)-(i). And paragraph 22 of the First Amended Complaint alleges and identifies another three additional false and defamatory statements published by Defendants The Times and Baker in the Second Article. *See id*., ¶ 22(a)-(c).

Collectively, these false statements communicate that Plaintiff's success is not

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

his own. Defendants then (again incorrectly) contend that Plaintiff alleges no facts explaining why these statements are false. However, Defendants gloss over and disregard paragraphs 20 through 29, which demonstrate Plaintiff's overwhelming and independently successful career as an entrepreneur, author, CEO, and investor, among the many other roles he has held over the past several decades. *See id*., ¶¶ 20-29. Defendants also conveniently ignore paragraphs 30 through 37, which collectively show that but for the name, image, and likeness of Plaintiff, *The Apprentice* would not have been the resounding success and cultural hit that is still present in the minds of Americans throughout the country today. *See id*., ¶¶ 30-37. All of those allegations demonstrate the falsity of Defendants' defamatory statements.

*Third*, Defendants also attempt to contend (albeit unsuccessfully) that the challenged statements are either not defamatory or constitute pure opinion. *See* D.E. 52, § (I)(A), p. 8. Preliminarily, it bears noting that "both pure opinions and mixed expressions of opinion are actionable if the facts underlying them are false or inaccurately represented." *See Bell v. Pollock*, 2025 WL 1148677, at *7 (M.D. Fla. Apr. 17, 2025) (denying in part motion to dismiss as to certain defamatory statements that the Court deemed to be capable of being proven false).

Further, in total, Plaintiff has alleged thirty-four false and defamatory statements that Defendants published about him. *See* D.E. 9, ¶¶ 20-22. Here are a

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

few examples, without limitation, none of which are opinion and all of which are defamatory:

- "Sometimes, despite himself, Donald Trump received his fortune from those sources mostly outside of his ability to run a business. The secret of his life, one that emerges in hundreds of moments big and small, is that the less he has been involved in decision-making, the better his chances of financial success." D.E. 9, ¶ 20(c).

- "In the language of the tax code, Fred had given his son taxable gifts masquerading as loans, a likely tax fraud that went unnoticed." D.E. 9, ¶ 20(f).

- "With no real estate or financial staff at his disposal, Donald's assessment of a potential opportunity started and stopped at the end of his nose. There would be no deliberative planning and very little in the way of an analysis of risks or potential return on investment." D.E. 9, ¶ 20(e).

- "Donald Trump, the self-described world's greatest dealmaker, had sold the bulk of his father's empire for almost $250 million less than it was worth." D.E. 9, ¶ 20(p).

- "Donald Trump, four years after his father's death, orchestrated the private sale for $738 million. It was a huge number. But the buyers' banks valued the buildings at about $975 million, raising a question about Mr. Trump's claim to have mastered the art of the deal." D.E. 9, ¶ 21(h).

- "Mr. Trump got an early start learning how to cut corners. As a high school student at New York Military Academy, he knowingly borrowed a friend's dress jacket with a dozen medals attached to wear for his yearbook photo, in effect appropriating medals that he did not win himself, according to [the Book]." D.E. 9, ¶ 22(a).

These statements malign Plaintiff's character (¶ 22(a)), cast aspersions against his business acumen and judgment (¶¶ 20(c), 20(e), 20(p), and 21(h)), and accuse him as being a party to a crime (¶ 20(f)). Collectively, these false and defamatory statements have caused Plaintiff significant harm because they are injurious to his trade, subject him to distrust, and attribute to him negative traits that are inconsistent with his character. Moreover, each of these statements are capable of being proven false, which prevent them from being deemed an opinion. *See supra Pollock*, 2025 WL 1148677, at *12 & *16 (denying motion to dismiss defamation claim, finding that multiple statements were not opinion because they were capable of being proven false). In sum, Defendants have failed to demonstrate that "the alleged defamatory statements are the sort of 'loose, figurative language that no reasonable person would believe presented facts.'" *Duffy v. Fox News Networks, LLC*, 2015 WL 2449576, at *3 (M.D. Fla. May 21, 2015) (quoting *Horsley v. Feldt,* 304 F.3d 1125, 1132–33 (11th Cir. 2002)).

Defendants also attempt to leverage general platitudes concerning the First

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Amendment in an apparent attempt to somehow alter the standard that this Court should use in order to adjudicate Defendants' Motion to Stay Discovery. *See* D.E. 52, § (I)(B), pp. 9-10 (string citing cases and contending that "First Amendment considerations weigh heavily in favor of a stay"). However, Defendants insert nothing but cherry-picked language from distinguishable cases. *See id*. Although *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310 (S.D. Fla. 2020) found dismissal on the merits, it primarily dismissed the defamation claim because the plaintiff failed to comply with Florida Statute § 770.01. *See id*., at 1316–17 ("As such, according to Florida law, Plaintiff's notice should be considered insufficient.").

Another case relied upon by Defendants, *Michel*, did not even concern a request to stay discovery. *See generally Michel v. NYP Holdings, Inc.,* 816 F.3d 686, 692 (11th Cir. 2016) ("However, the dismissal should have been entered without prejudice, and Michel given leave to amend his complaint."). *Feldt* held that a stay was proper because only legal questions remained, not facts. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997): finding no error in district court's decision to stay discovery because "defendants' motions for judgment on the pleadings are facial challenges to the legal sufficiency of Horsley's complaint that 'present[ ] a purely legal question; there are no issues of fact because the allegations contained in the pleadings are presumed to be true.'"). The decision in *Borislow* provided little to no

facts from the complaint explaining why it found that "Plaintiff's defamation claim may be legally insufficient because the challenged statements may be expressions of opinion, and/or truthful and/or protected by the First Amendment." *Borislow v. Canaccord Genuity Group Inc.,* 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014).

The decision in *Depaco* concerned an unopposed motion to stay discovery. *See Depaco v. Sociedade Independente De Comunicacao, S.A.*, 2024 WL 6881584, at *1 (M.D. Fla. Apr. 15, 2024) ("Before the Court is Defendant's Unopposed Motion for Stay of Discovery[.]"). *Harrison* dismissed the defamation claims because the plaintiff failed to comply with Florida Statute § 770.01 and all the defamatory statements were privileged as a fair report. *See Vesselov v. Harrison*, 2024 WL 536061, at *5 (S.D. Fla. Jan. 4, 2024) ("Accordingly, I find that the Defendants are protected by Florida's fair and neutral reporting privilege, and the defamation claims brought by Plaintiffs fail as a matter of law."). *Schmidt* granted a motion to dismiss on the basis of personal jurisdiction, which is not an argument raised by Defendants here. *See Schmidt v. Washington Newspaper Publ'g Co., LLC,* 2018 WL 11650584, at *11 (S.D. Fla. Oct. 4, 2018) ("For the foregoing reasons, it is **ORDERED** that the Defendant's Motion to Dismiss the Second Amended Complaint for Lack of Personal Jurisdiction [DE 23] is **GRANTED**.").

Ultimately, Plaintiff submits that neither the Motion to Stay Discovery nor the Motion to Dismiss leave the Court with the plain, undisputable impression that

Plaintiff's Complaint cannot survive dismissal or that, at a minimum, leave to amend should not be allowed. *See e.g., Loomer v. Maher*, 2025 WL 756549, at *5 (M.D. Fla. Jan. 16, 2025) (granting motion to dismiss defamation claim in part, allowing leave to amend, and denying motion to stay discovery as moot).

Defendants' Motion to Transfer fares no better. Even if the Motion to Transfer is granted, which it should not be, it is not a basis to stay discovery. *See Arnold*, 2025 WL 239476, at *2 ("After weighing the harm produced by delaying discovery against the possibility that the motion to transfer venue will be granted, the Court finds that the balance tips in favor of allowing discovery to move forward. Even if Defendant's motion to transfer venue is granted, this matter will still proceed and be litigated in the District of South Carolina."); *see also Sonate Corp., Inc.,* 2023 WL 2391709, at *1 ("Defendants have not convinced the Court that the adoption of the undersigned's Report and Recommendation granting the Motions to Transfer Venue would eliminate the need for discovery in this case. This is particularly so because, if the presiding District Judge adopts the undersigned's Report and Recommendation, this matter would not end, but would simply proceed in the District of Massachusetts. Accordingly, Defendants have not shown good cause to stay discovery in this matter.").

For these reasons, among others, Defendants' Motion to Stay Discovery should be denied.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

**C. Defendants fail to articulate a "specific showing of prejudice or undue burden" absent a stay of discovery**.

Defendants' generalized complaints as to purported prejudice are insufficient to meet the requisite burden to justify a stay of discovery. Defendants offer nothing but broad, generalized concerns that Plaintiff's anticipated discovery requests are somehow overbroad (they are not) and that Defendants would be burdened by responding to them (they would not be). *See generally* D.E. 52, § (I)(C). Defendants' unsubstantiated allegations ring hollow especially because not only are Defendants incredibly well-capitalized and sophisticated parties, but they are also collectively represented by two sophisticated law firms.

Indeed, "claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *See Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) (overruling unduly burdensome objection). Because Defendants offer nothing but argument of counsel in their attempt to demonstrate prejudice, they have not met the "specific showing of prejudice or undue burden" required to earn a stay of discovery. *See supra RxWound, LLC*, 2025 WL 1745137, at *1; *see also Montoya*, 2014 WL 2807617, at *3 (denying motion to stay discovery:

"Although Defendants argue, in conclusory fashion, that the discovery would be unduly burdensome, the Undersigned is not persuaded."); *see also Ray v. Spirit Airlines, Inc.,* 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (denying motion to stay discovery because the movant did "not identif[y] in any specific and tangible way the unreasonable discovery burdens it will face absent a stay.").

### D. An indefinite stay of discovery will prejudice Plaintiff and risks delaying this action unnecessarily.

Defendants are requesting that the Court stay "all discovery pending resolution of Defendants' [Underlying Motions]." D.E. 52, § III. However, to fully respond to Defendants' Motion to Transfer, Plaintiff seeks leave to conduct venue discovery through his Motion to Conduct Venue Discovery and Stay Briefing on Defendants' Motion to Transfer. *See* D.E. 48. On January 21, 2026, the Court ordered the parties to confer on "the issue of discovery both limited to facts pertinent to venue and within the [P]laintiff's proposed categories." D.E. 53. The parties are currently conferring on this matter and if those efforts prove unsuccessful, the Court directed Magistrate Judge Adams to conduct a discovery conference to facilitate resolution of any disputes that the parties might have over the appropriate scope of venue discovery. *See id*.

Because it appears that the parties shall be conducting venue discovery, in at least a limited respect, that will delay adjudication of Defendants' Motion to

Transfer. *See Clean Fuels of Indiana, Inc. v. Riverport Ins. Co.,* 2016 WL 6650714, at *1 (M.D. Fla. Nov. 10, 2016) ("When an allegation is challenged by the defendant, the court may examine facts outside the complaint to determine whether venue is proper."). Even if the Court allows only the exchange of document requests for purposes of venue discovery, that will delay adjudication of Defendants' Motion to Transfer by several weeks, and potentially months. Responses to any document requests would be served in no less than thirty days, after which the parties anticipate having to meet and confer over the parties' respective responses, objections, and production of documents. Following those conferral efforts, which Plaintiff does not anticipate requiring an unreasonable amount of time, the parties might engage in offensive or defensive motion practice depending on the results of their conferences.

After venue discovery is complete, *then* the Court will presumably set a briefing schedule for Plaintiff to respond and the Court to evaluate whether oral argument is required to adjudicate the Motion to Transfer. Given that Defendants do not oppose Plaintiff's request to align the briefing schedule for the Motion to Transfer with the Motion to Dismiss, the same delay will occur in adjudicating Defendants' Motion to Dismiss.

Consequently, Defendants' request for an indefinite stay of discovery is speculative in nature as to when such a stay would conclude. If such an indefinite stay is granted, it would significantly prejudice Plaintiff because there would not be

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

a firm deadline on when merits discovery could begin. Any pretrial deadlines entered in the meantime by the Court would either be incredibly compressed or frustrated altogether, leading to further motion practice to amend those deadlines, and burdening both parties with the obligation to demonstrate good cause to alter them.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Stay, allow the parties to proceed with merits discovery, and award any such further relief the Court deems just and proper.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated February 2, 2026                    Respectfully submitted,

                                          */s/ Alejandro Brito*
                                          Alejandro Brito
                                          Florida Bar No. 098442
                                          Ian Michael Corp
                                          Florida Bar No. 1010943
                                          BRITO, PLLC
                                          2121 Ponce de Leon Boulevard
                                          Suite 650
                                          Coral Gables, FL 33134
                                          Tel:  305-614-4071
                                          Fax:  305-440-4385
                                          abrito@britopllc.com
                                          icorp@britopllc.com
                                          apiriou@britopllc.com

                                          */s/ Edward Andrew Paltzik*
                                          Edward Andrew Paltzik
                                          Taylor Dykema PLLC
                                          914 E. 25th Street
                                          Houston, TX 77009
                                          Tel: 516-526-0341
                                          edward@taylordykema.com
                                          (*pro hac vice* admitted)

                                          */s/ Daniel Zachary Epstein*
                                          Daniel Zachary Epstein
                                          Epstein & Co. LLC
                                          8903 Glades Rd
                                          Ste A8 #2090
                                          Boca Raton, FL 33434
                                          Tel: 202-240-2398
                                          dan@epsteinco.co
                                          (*pro hac vice* admitted)
                                          *Counsel to Plaintiff*
                                          *President Donald J. Trump*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 2, 2026, the foregoing was served

via the Court's CM/ECF System upon:

| | |
|---|---|
| William J. Schifino, Jr., Esq.<br>Justin P. Bennett, Esq.<br>Gregory L. Pierson, Esq.<br>Gunster, Yoakley & Stewart, P.A.<br>401 E. Jackson Street<br>Suite 1500<br>Tampa, Florida 33602<br>wschifino@gunster.com<br>jbennett@gunster.com<br>gpierson@gunster.com<br>cwarder@gunster.com<br>*Counsel for Defendants Penguin Random House LLC,*<br>*Susanne Craig, and Russ Buettner* | George S. LeMieux, Esq.<br>Eric C. Edison, Esq.<br>Gunster, Yoakley<br>& Stewart, P.A.<br>450 East Las Olas Blvd.<br>Suite 1400<br>Fort Lauderdale, Florida 33301<br>glemieux@gunster.com<br>eedison@gunster.com<br>*Counsel for Defendants Penguin Random House LLC,*<br>*Susanne Craig, and Russ Buettner* |
| Williams & Connolly, LLP<br>Thomas G. Hentoff, Esq.*<br>Nicholas G. Gamse, Esq.*<br>Kimberly Broecker, Esq.*<br>680 Main Avenue S.W.<br>Washington, D.C. 20024<br>thentoff@wc.com<br>ngamse@wc.com<br>kbroecker@wc.com<br>*Counsel for Defendants New York Times Company,*<br>*Susanne Craig, Russ Buettner, and Peter Baker* | Elizabeth A. McNamara, Esq.* (lead counsel)<br>John M. Browning, Esq.*<br>Alexandra Perloff-Giles, Esq.*<br>Alexandra M. Settelmayer, Esq.*<br>Davis Wright Tremaine, LLP<br>1251 Avenue of the Americas<br>New York, New York 10020<br>lizmcnamara@dwt.com<br>jackbrowning@dwt.com<br>alexandraperloffgiles@dwt.com<br>alexandrasettelmayer@dwt.com<br>*Counsel for Defendants Penguin Random House LLC,*<br>*Susanne Craig, and Russ Buettner* |
| Thomas & LoCicero, PL<br>Carol Jean LoCicero, Esq.<br>James J. McGuire, Esq. | |

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Linda R. Norbut, Esq.
601 South Boulevard
Tampa, FL 33606
clocicero@tlolawfirm.com
jmcguire@tlolawfirm.com
lnorbut@tlolawfirm.com
*Counsel for Defendants New York Times Company,*
*Susanne Craig, Russ Buettner, and Peter Baker*

*/s/ Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071