UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESIDENT DONALD J. TRUMP,

    Plaintiff,

v.                            CASE NO. 8:25-cv-02487-SDM-NHA

NEW YORK TIMES COMPANY, et al.,

    Defendants.
_____/

## ORDER

    (a)    <u>Referral to Mediation</u>:  This action is referred to mediation.  **Joseph H. Varner III**, Holland & Knight, LLP, 100 North Tampa Street, Suite 4100, Tampa, Florida 33602, (813) 227-6703, is the mediator.

    (b)    <u>Conduct of Mediation</u>:  The mediator must conduct the mediation in accord with this order and with the Local Rules.  Compliance with this order is not satisfied by any other attempt by the parties to resolve this matter through mediation or by another mechanism for dispute resolution.

    (c)    <u>Scheduling Mediation</u>:  The mediator must confer with the parties and conduct an initial mediation session promptly. The parties must abide by the mediation schedule set by the mediator.

    (d)    <u>Designation and Responsibility of Lead Counsel</u>:  **Alejandro Brito** is designated as lead counsel and no later than **FOURTEEN DAYS** after this order

must file a notice of mediation that states the agreed day and time of the initial mediation session.

(e)    Rules Governing the Mediation:  In accord with Chapter Four of the Local Rules, the following requirements apply:

(1)    *Case Summaries*: At least five business days before the scheduled mediation, the mediator and the other parties must receive from each party a brief written summary of the facts and issues of the action. The mediator and the parties must treat each summary as a confidential communication and must not disclose the summary or the summary's content.

(2)    *Authority and Duties of the Mediator*: The mediator may confer privately with any counsel, an individual party, a corporate or municipal representative, or a claims professional for any proper purpose in the mediator's discretion. The mediation must continue until adjourned by the mediator. No participant can compel the early conclusion of a mediation because of travel or another engagement. No later than seven days after each mediation session, the mediator must report the result of the mediation session and whether every required person attended. Only the mediator may declare an impasse.

(3)    *Attendance at the Mediation*: Each attorney acting as lead counsel, each party (or the designated representative with full authority to settle), and any necessary insurance carrier representative must attend the mediation in person unless otherwise agreed by the parties. Any unexcused absence or departure from the mediation is sanctionable.

(4)    *Structure*: In a complex or protracted case, or in a case with many parties, the mediator can conduct the mediation in sequential sessions with fewer than all parties present.

(5)    *Confidentiality*: The substance of the mediation is confidential and no party, lawyer, or other participant is bound by, may record, or without the judicial approval may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.

(f)  <u>Compensation of the Mediator</u>:  Under the Local Rules, the parties must compensate the mediator at the mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, the parties must bear equally and pay immediately after the mediation.  When moving to tax other costs, the prevailing party may move to tax the mediator's compensation as a cost.  The parties must comply with any reasonable cancellation policy maintained by the mediator.

(g)  <u>Objections</u>:  A party waives as to this order any objection not asserted within ten days and in writing.

ORDERED in Tampa, Florida, on March 23, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESIDENT DONALD J. TRUMP,

    Plaintiff,

v.                                   CASE NO. 8:25-cv-02487-SDM-NHA

NEW YORK TIMES COMPANY, et al.,

    Defendants.

_____/

## **MEDIATION REPORT**

In accord with the mediation order, the mediation occurred on

_____, 20_____.

(a)    The following individuals, parties, corporate representatives, and claims professionals attended and participated in the mediation, each possessed the requisite settlement authority:

_____ All individual parties and their respective trial counsel.

_____ Designated corporate representatives.

_____ Required claims professionals.

(b)    The following individuals, parties, corporate representatives, and claims professionals failed to appear or participate:

4

(c)    The result of the mediation:

____    <u>The action completely settled</u>. Within ten days of the mediation, lead counsel must notify the court of the settlement by filing a notice or memorandum of agreement signed by the parties and the mediator.

Comments:

____    <u>The action partially resolved</u>. Within ten days of the mediation, lead counsel must file a joint stipulation resolving the settled claims. The following issues remain:

Comments:

____    <u>The action neither settled nor failed to settle</u>.

Comments:

5

_____  <u>The action failed to settle</u>.

Comments:

Reported on _____, 20____, in _____, Florida.

_____
Signature of Mediator

_____
Name (PRINTED) of Mediator

_____
_____
_____
_____
Mediator's Mailing Address and
Telephone Number

Cc:  Counsel of Record and
     Unrepresented Parties

6