**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PRESIDENT DONALD J. TRUMP, an individual,

Plaintiff,

v.

NEW YORK TIMES COMPANY, a New York corporation, SUSANNE CRAIG, an individual, RUSS BUETTNER, an individual, PETER BAKER, an individual, and PENGUIN RANDOM HOUSE LLC, a Delaware company,

Defendants.

Case No.
8:25-cv-02487-SDM-NHA

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Local Rule 3.01(e), Defendants seek leave to file a five-page reply brief in support of their Motion to Dismiss the Second Amended Complaint (Docs. 44 & 103), to be due on October 13, 2026 or one week after leave is granted, whichever is later. Plaintiff's supplemental opposition brief advances a materially different theory of actual malice than the one alleged in the Second Amended Complaint ("2AC"). *See generally* Doc. 104. A short reply would assist the Court in resolving Defendants' motion by explaining why that new effort is futile. *See, e.g.*, *Herezi v. 31-W Insulation Co.*, 2025 WL 1913203, at *1 (M.D. Fla. May 1, 2025) (granting leave to file a reply "to rebut any new law or facts contained in the opposition[]") (citation omitted).

As neither Craig and Buettner's use of tax records provided by Charles Littlejohn nor Mark Burnett's unwillingness to be interviewed supports actual malice, Plaintiff now pivots in his opposition to a new theory of actual malice: that "Defendants' own materials contradicted what they published." Doc. 104 at 2. More specifically, with regard to certain Inheritance Statements in the Book, Plaintiff now argues that the 2018 Article supports actual malice because it included a general denial from President Trump's counsel stating "[t]here was no fraud or tax evasion by anyone" and that taxing authorities "fully approved all the tax filings." *Id.* at 3, 8, 10. Despite being aware of the content of the 2018 Article since long before this action, Plaintiff only now seeks to further amend his 2AC via his opposition brief and inject

these new facts into his argument. A reply would explain why Plaintiff "cannot now use his briefing to add new allegations and argue that those new assertions support his cause of action." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 705–06 (11th Cir. 2016) (discounting a new argument when it "depend[ed] on facts that were not pled in his complaint"). Here, despite two amendments, no complaint ever alleged or otherwise relied on any statements from the 2018 Article—with good reason, given that Plaintiff already sued over the Article but never challenged its accuracy despite these same denials.

Defendants seek leave to explain why this newly asserted theory is not a plausible theory of actual malice. As the Supreme Court recognized in *Harte-Hanks Communications, Inc. v. Connaughton*, "publishers need not accept denials, however vehement," because "such denials are so commonplace" that "they hardly alert the conscientious reporter to the likelihood of error." 491 U.S. 657, 692 n.37 (1989) (internal quotation marks omitted).

As to the Survey Article, what Plaintiff mischaracterizes as contradictions between the report, for example, of the controversy over Plaintiff's niece's allegations about cheating on the SAT, and the linked-to online sources are instead context: the linked sources, providing, in that case, the widow's denial of her husband's involvement, inform readers of the basis for the statements and refute actual malice. *See Michel*, 816 F.3d at 705. So too for erroneous allegations of contradictions within the Book itself, which of course, must be taken as a whole. *See, e.g.*, *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 717 (11th Cir. 1985) (citing *Hay v. Indep. Newspapers,*

*Inc.*, 450 So.2d 293, 295 (Fla. 2d DCA 1984)). A short reply would assist the Court in evaluating whether those arguments affect the legal deficiencies identified in Defendants' motion. It would also elucidate the stark contrast between the factual allegations here and those that supported actual malice in *Project Veritas v. Cable News Network, Inc.*, 121 F.4th 1267, 1284 (11th Cir. 2024), which, unlike here, involved a straightforward factual contradiction between what the defendant knew and what it said, *see* Hearing Tr. at 22:21–23:24. Defendants therefore respectfully request leave to file a reply brief narrowly focused on Plaintiff's new theory of actual malice.

**LOCAL RULE 3.01(g) CERTIFICATION**

Defendants certify that, on October 6, 2026, they conferred by email with counsel for Plaintiff, who does not oppose the relief requested in this motion.

Dated: October 6, 2026

Respectfully submitted,

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero
Florida Bar No. 603030
Linda Norbut
Florida Bar No. 1011401
**THOMAS & LOCICERO**
601 S. Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Thomas G. Hentoff* (lead counsel)
Nicholas G. Gamse*
Kimberly Broecker*

*/s/ William J. Schifino, Jr.*
William J. Schifino, Jr.
Florida Bar No. 564338
Justin P. Bennett
Florida Bar No. 112833
Gregory L. Pierson
Florida Bar No. 123905
**GUNSTER, YOAKLEY & STEWART, P.A.**
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
wschifino@gunster.com
jbennett@gunster.com
gpierson@gunster.com

**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5804
thentoff@wc.com
ngamse@wc.com
kbroecker@wc.com

*Admitted *pro hac vice*

***Attorneys for Defendants New York Times Company, Peter Baker, Susanne Craig, and Russ Buettner***

George S. LeMieux
Florida Bar No. 16403
Eric C. Edison
Florida Bar No. 10379
**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
glemieux@gunster.com
eedison@gunster.com

Elizabeth A. McNamara* (lead counsel)
Alexandra Perloff-Giles*
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 489-8230
lizmcnamara@dwt.com
alexandraperloffgiles@dwt.com

*Admitted *pro hac vice*

***Attorneys for Defendants Penguin Random House LLC, Susanne Craig, and Russ Buettner***