**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PRESIDENT DONALD J. TRUMP,
an individual,

Plaintiff,

v.

NEW YORK TIMES COMPANY, a New York corporation, SUSANNE CRAIG, an individual, RUSS BUETTNER, an individual, PETER BAKER, an individual, and PENGUIN RANDOM HOUSE LLC, a Delaware company,

Defendants.

Case No.
8:25-cv-02487-SDM-NHA

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 3.01(j), Defendants submit notice of the following supplemental authority in support of their pending motion to dismiss the Second Amended Complaint: *Trump v. Dow Jones & Co.*, No. 1:25-cv-23232-DPG, Doc. 80 (S.D. Fla. Oct. 31, 2026) ("*Dow Jones* Order"). Because the *Dow Jones* Order is not yet readily available, a copy is attached as Exhibit A.

The decision in *Dow Jones* dismissing with prejudice plaintiff President Donald J. Trump's claims for defamation *per se* and defamation *per quod* supplements the following arguments raised in Defendants' motion to dismiss papers.

1. **Pleading actual malice requires more than conclusory or irrelevant allegations.** *See* Doc. 44 at 10–14; Doc. 103 at 2–3, 11–12.

> "[T]he allegations regarding malice are conclusory, vague, sometimes inconsistent with the Article, and often irrelevant…." *Dow Jones* Order at 14.

2. **Pre-publication denials do not establish actual malice.** *See* Doc. 44 at 28; Doc. 103 at 10, 12; Doc. 107 at 2–4.

> "Though vague, the Amended Complaint appears to allege that by choosing to publish the Article despite President Trump's and his team's denials, Defendants acted with actual malice…. But that is not what the actual malice standard requires and runs afoul of the First Amendment. Indeed, were that the law, any time a public figure or his team denies an accusation, journalists would be immediately blocked from publishing negative or contradictory press—a result that flies in the face of the 'American privilege to speak one's mind, although not always with perfect good taste, on all public institutions.'" *Dow Jones* Order at 15–16 (citation omitted).

3. **An alleged failure to investigate does not establish actual malice, and contacting people for comment, even if they do not respond, does not show a failure to investigate.** *See* Doc. 44 at 13–18, 20–21, 25–26, 27–28; Doc. 103 at 2–3, 5, 8–9, 10–12.

> "[A] failure to investigate, without more, does not establish actual malice. Rather, 'a plaintiff must show the defendant deliberately avoided investigating the veracity of the statement in order to evade learning the truth.' . . . The Amended Complaint comes nowhere close to this standard. Indeed, the Article details a thoughtful and detailed investigation. Before running the story, Defendants contacted President Trump and his team, Justice Department officials, and the FBI for comment . . . Defendants also attempted to speak with Maxwell; she did not respond to their request . . . . In addition, Defendants reached out to other individuals . . . . In short, President Trump's allegation that Defendants failed to conduct an adequate investigation is rebutted by the Article and is insufficient to establish actual malice." *Dow Jones* Order at 15 (citations omitted).

4. **The defamation *per quod* claims must be dismissed for failure to plead special damages.** *See* Doc. 44 at 44–45; Doc. 103 at 15.

> "Reputational harm, however, is not a special damage. . . . Moreover, this allegation [that special damages include lost profits, out of pocket losses, and realized losses in the form of reputational harm], without more, is too conclusory to plead special damages." *Dow Jones* Order at 19 n.21 (citation omitted).

5. **Dismissal should be with prejudice.** *See* Doc. 103 at 15.

> "[B]ecause this is President Trump's second attempt to allege his claims, the Court finds that dismissal with prejudice is appropriate." *Dow Jones* Order at 19.

Dated: November 2, 2026

Respectfully submitted,

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero
Florida Bar No. 603030
Linda Norbut
Florida Bar No. 1011401
**THOMAS & LOCICERO**
601 S. Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

Thomas G. Hentoff* (lead counsel)
Nicholas G. Gamse*
Kimberly Broecker*
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5804
thentoff@wc.com
ngamse@wc.com
kbroecker@wc.com

*Admitted *pro hac vice*

***Attorneys for Defendants New York Times Company, Peter Baker, Susanne Craig, and Russ Buettner***

*/s/ William J. Schifino, Jr.*
William J. Schifino, Jr.
Florida Bar No. 564338
Justin P. Bennett
Florida Bar No. 112833
Gregory L. Pierson
Florida Bar No. 123905
**GUNSTER, YOAKLEY & STEWART, P.A.**
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
wschifino@gunster.com
jbennett@gunster.com
gpierson@gunster.com

George S. LeMieux
Florida Bar No. 16403
Eric C. Edison
Florida Bar No. 10379
**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
glemieux@gunster.com
eedison@gunster.com

Elizabeth A. McNamara* (lead counsel)
Alexandra Perloff-Giles*
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 489-8230
lizmcnamara@dwt.com
alexandraperloffgiles@dwt.com

*Admitted *pro hac vice*

*Attorneys for Defendants Penguin Random House LLC, Susanne Craig, and Russ Buettner*